CORMAC v. THE WESTERN WHITE BRONZE COMPANY.

1. **Evidence:** BOOKS OF ACCOUNT : INTRODUCTION AGAINST OWNERS BY AGENT MAKING ENTRIES. In an action against defendant by plaintiff, who had been its secretary and manager, defendant's books of original entry were admissible against it, even though some of the entries therein were made by plaintiff; for they were made by him as defendant's agent.

2. **Corporations:** INTEREST IN STOCK : LIABILITY FOR ASSESSMENTS. E. owned shares of stock in the defendant corporation which he contracted to sell to plaintiff, and plaintiff made his note for the purchase price, but the note was not paid, and the stock was not transferred to plaintiff on the books of the company. *Held* that plaintiff was not liable for assessments on the stock. (See cases cited in opinion.) The fact that plaintiff, by virtue of a proxy, voted at meetings of the stockholders on the stock of E., and that defendant took his note to E., but not on account of any transaction between it and plaintiff, did not make him liable for assessments. Neither did the fact that he subscribed for stock, without ever becoming in fact a stockholder, make him liable.

3. **Practice**: REMARK OF COURT : EFFECT ON JURY. A remark of the court made in announcing its opinion upon a point argued by counsel, which could not have been understood as addressed to the jury, or for their consideration, and which they could not.have considered without disregarding the charge of the court, cannot be regarded as having affected the verdict.

4. **Instructions**: SPECIAL INTERROGATORIES : WHEN PROPERLY REFUSED. Special interrogatories to the jury are properly refused when they are not relevant to any issue in the case ; and when they inquire about matters of which there is no evidence; and when they are such that no possible answer which could be given to them could control the general verdict, in the absence of other special findings. (See opinion for applications of the rule.)

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

FILED, JANUARY 25, 1889.

ACTION to recover an amount alleged to be due to plaintiff on account of salary earned 'as secretary and manager of defendant. There was a trial by jury, and a verdict and judgment for plaintiff. The defendant appeals.

*Parsons & Perry*, for appellant.

*James M. & George E. McCaughan*, for appellee.

ROBINSON, J.—Plaintiff was the secretary and manager of defendant during the years 1885 and 1886, and for the month of January, 1887, and claims a balance due on account of salary of $755.62. Defendant denies the alleged indebtedness, and seeks to recover of defendant $890.29, on counter-claims for money of defendant alleged to have been collected by plaintiff and converted to his own use, and for unpaid assessments on capital stock of defendant alleged to · be owned by plaintiff. The jury found that defendant owed to plaintiff the sum of $379.20.

I. Plaintiff introduced in evidence certain books of account, which belonged to and had been kept for

**1. EVIDENCE: books of account: introduction against owners by agent making entries.** the defendant. Some of them were objected to on the ground that they had been kept by plaintiff while he was acting as secretary of defendant, and on the further ground that they were not shown to be books of original entries. We are of the opinion that the books were properly retained in evidence. After they were introduced it was admitted that they were defendant's books of original entries; that they were kept in the ordinary manner, and in the regular course of business; and that the entries therein were made at the time of the transactions which they represented. This made them competent evidence as against defendant. The fact that some of the entries were made by plaintiff was immaterial, under the issues of the case. He made them, not for himself, but for the defendant, and as its agent ; and the books, when completed, were the books of defendant, admissible in evidence against it.

II. One Eakin procured of defendant a certificate for shares representing three thousand dollars of its capital stock. He agreed with plaintiff to sell and

**2. CORPORATIONS: interest in stock: liability for assessments.** transfer this to him when he should pay the amount required therefor. A note for seven hundred and fifty dollars was given to Eakin by plaintiff on account of this stock, and the certificate was placed in the hands of one Fuller, to be delivered to plaintiff when he should pay the note. The note was not paid, and the stock was not transferred. On the books of the company it stood in the name of Eakin. While the plaintiff had an interest in this stock, he never owned it, and never agreed with defendant to pay for it. He was not, therefore, liable to defendant for unpaid assessments made on account of it. See Code, sec. 1078 ; *Ft. Madison Lumber Co. v. Batavian Bank*, 71 Iowa, 270 ; *Hale v. Walker*, 31 Iowa, 344; *Pullman v. Upton*, 96 U. S. 328, and cases therein cited ; Cook, Stocks, sec. 246. Defendant's stock subscription book shows that plaintiff subscribed for fifty shares of stock, but he testifies that the number was changed from twenty to fifty without his knowledge

Cormac v. The Western White Bronze Co.

or authority, and that he never became a stockholder. He voted at meetings of the stockholders on the stock of Eakin, but did so by virtue of a proxy. His note to Eakin was taken by defendant, but not on account of any transaction between it and plaintiff. It may be that plaintiff had intended to take stock in his own name when he subscribed for it, and that he procured Eakin to take the stock in question in fulfillment of his subscription, but that would not make any privity between him and defendant on the stock which was actually taken by Eakin. The court ruled correctly in withdrawing from the jury all consideration of assessments on the Eakin stock. Complaint is made in this connection of a remark of the court made in announcing

3. PRACTICE; remark of court : effect on jury.

its opinion on the question of plaintiff's liability on the Eakin stock, after argument of counsel on that question. The remark was not designed as an instruction to the jury, and could not have been so understood. It was not addressed to them, and was not of a nature to have been considered while they were deliberating upon their verdict, unless they disregarded the charge of the court, and we cannot presume that they did.

III. The court refused to submit to the jury five special interrogatories asked by defendant. The first was as follows: "(1) Did the books of account

4. INSTRUCTIONS: special interrogatories: when properly refused.

kept by the plaintiff, while in the management of defendant's business as its agent, show that he received, on account of defendant, more money than he paid out, and, if so, what sum?" This was not relevant to any issue in the case, and was properly refused. The second interrogatory was as follows: "(2) Did he receive, during the time that he had the management of defendant's business, any sums of money which do not appear upon the books kept by him, and for which he has not accounted to the defendant, and, if so, what sum?" We are not prepared to say that this might not have been properly submitted, and yet it does not appear to us that prejudice could have resulted from the refusal to submit it. No answer

which could have been given would have controlled the general verdict, in the absence of other special findings. *Dreher v. I. S. W. Ry. Co.*, 59 Iowa, 601.   The third special interrogatory sought to have the jury state whether plaintiff was a subscriber to the capital stock of defendant, and, if he was, to state the amount of calls for payment, if any, made thereon and unpaid.   This was not made material by any issue or evidence in the case.   Defendant does not seek to recover on a subscription for stock, but on stock a certificate for which was issued to Eakin.   No call was ever made on plaintiff's subscription.   The fourth special interrogatory asked inquired in regard to a settlement of accounts between plaintiff and the board of directors of defendant, and was properly refused, for the reason that there was no evidence of such a settlement.   The fifth special finding was to be answered only in the event that the jury answered the fourth, and was therefore properly refused.

IV.   Counsel for appellant base some argument upon the weight and effect of the evidence.   We do not deem it necessary to review this at length, nor to notice more particularly other questions raised.   The abstract does not purport to set out all the evidence given on the trial, and some of the questions discussed have no foundation in the record as presented to us.   It is sufficient to say that we have examined all questions presented by the record with care, but do not find any error prejudicial to defendant.   The judgment of the district court is therefore                              AFFIRMED.