## Thomas *v.* Irvin, Adm'r.

### (*Jackson.* June 12, 1891.)

WITNESS. *Calling a party as by opposite party.*

If an administrator, in a suit brought against him as such, take the deposition of the plaintiff, and require him to testify therein touching "any transaction with or statement by the testator or intestate," this constitutes an irrevocable call to testify "by the opposite party" within the meaning of the statute, and the evidence thus elicited is admissible on behalf of either or both parties.

Code construed: §4565 (M. & V.); §3813*d* (T. & S.).

---

### FROM MADISON.

---

Appeal from Chancery Court of Madison County. A. G. HAWKINS, Ch.

HAYS & TAYLOR and E. L. BULLOCK for Thomas.

McCORRY & BOND for Irvin.

LURTON, J. The defendant, upon notice, took and filed the deposition of the complainant, Thomas. The matters about which he was chiefly examined were as to transactions and conversations with the testator, John Irvin. Afterward defendant gave

notice that he would not read the deposition thus taken, and would object to its being read by complainant. Upon the hearing of the cause, the deposition thus taken was offered by complainant as evidence for himself. Specific objection was made by defendant to all questions relating to transactions or calling for conversations with the testator. These objections were overruled and the answer admitted. The ruling of the learned Chancellor was correct. This evidence was competent, if the defendant chose to make it so by waiving objection or by calling upon complainant to testify. This he did when he took and filed his deposition as proof for himself. It was competent ·evidence when thus taken by 'defendant, and if the defendant failed to read it upon the hearing, then complainant had a right to use it as his own proof. Complainant had been "called" under the statute to testify by the opposite party, and the evidence thus taken made competent by the statute. It was too late to thereafter interpose an objection which had been waived by the act of requiring the complainant to testify as provided by the Act rendering such evidence otherwise incompetent. Any other construction of the statute would enable one party to search the conscience of his adversary, drag to light his papers and other evidences, and then repudiate the result if the experiment proved unsatisfactory. The legitimate consequence of thus examining complainant as to matters about which he was disqualified unless examined by his adver-

33—6 P

sary, was to make the evidence thus elicited competent for either party. The case is not like that of *Beaty* v. *McCorkle*, 11 Heis., 593, nor that of *Topp* v. *White*, 12 Heis., 182. The evidence, when taken and filed, was competent, being made so by the disqualified witness having been, under the statute, "called by the opposite party."

The other questions in the case, being purely of fact, were disposed of by an oral statement, and the decree affirmed.