No. 956.

## GILBERT v. ESTATE OF SWAIN.

WITNESS. — *Competency.*—*Husband  and  Wife.* — *Decedent's  Estate.*— *Waiver.*—Where a wife is a party to a suit, and incompetent to testify in her own behalf, the adverse party may waive such incompetency and make her a witness in the case; but such waiver would not render her husband a competent witness in her behalf, his *status* being fixed by statute.

From the Wayne Circuit Court.

*T. J. Study*, for appellant.

*J. F. Kibbey*, for appellee.

LOTZ, J.—The appellant was the plaintiff below.   She

filed a claim against the estate of appellee's decedent, founded on three promissory notes. The claim was rejected. No special answer was filed.

The cause was tried by a jury and a verdict returned for the appellee, and judgment thereon followed.

On the trial of the cause, the appellee, among other things, sought to show that the notes were executed without any consideration.

Before the trial of the cause, the appellee examined the appellant, in accordance with section 510, R. S. 1881; and on the trial of the cause called and examined her as a witness, according to section 509, R. S. 1881, and section 19, Elliott's Supp. Upon both of these examinations, the appellee interrogated her fully concerning the execution and the consideration of the notes. The examination taken before the trial was given in evidence by the appellee.

At the trial, and after the appellee's evidence had closed, the appellant called her husband, Josiah B. Gilbert, as a witness for her, and in rebuttal propounded to him several questions in relation to the consideration of the notes. The appellee objected to these questions upon the ground and for the reason that said Josiah B. Gilbert was the husband of the appellant, and was, for that reason, not a competent witness.

Counsel for appellant stated to the court what he proposed to prove by the witness, from which it appears that the witness would, had he been permitted to testify, have stated that the deceased signed the notes and that he delivered to her the money consideration therefor.

The court sustained the objection and excluded the testimony. This ruling is properly assigned as a cause for a new trial.

The testimony was excluded upon the theory that the appellant's husband was an incompetent witness in her

behalf.    When the husband or wife is a party to a suit and not a competent witness in his or her own behalf, the other shall also be excluded. Section 501, R. S. 1881.

Mrs. Gilbert, the appellant, was unquestionably an incompetent witness under section 498, R. S. 1881.    She had instituted a proceeding to obtain an allowance against the estate of a deceased person; her interest was adverse to such estate.    By section 509, *supra,* any party to an action may be examined as a witness, at the instance of the adverse party.

It is also provided by section 19, Elliott's Supp. (section 510, Burns, R. S. 1894), that a party to such suit shall have the right to call and examine any party adverse to him as a witness, or the court may, in its discretion, require any party to the suit, or other person, to testify.    By these two sections an adverse party always has it in his power to make such incompetent witness competent.    An incompetent witness is one who does not answer the requirements of the law; not legally able or qualified to give testimony.    The objection does not go to the evidence itself, but to the person.

The policy of the law in precluding an adverse party from testifying when a judgment or allowance is sought against the estate of a deceased person, is to prevent the living from taking an unfair advantage of the estate of the dead.

The law further recognizes that it may sometimes be to the advantage of the estate, and conducive to the ends of justice, to permit an adverse party or incompetent witness to testify; and to this end it has given to the personal representatives of the deceased the right to exercise a discretion in making an incompetent witness competent.    If a party puts an incompetent witness on the stand, by exercising any power which he possesses over the witness, he accredits such witness with compe-

Gilbert *v.* Estate of Swain.

tency and renders him entirely competent in the cause, to be used by either party to the suit. *Seip* v. *Storch,* 52 Pa. St. 210; *Turner* v. *Waterson,* 4 W. & S. 171; *Choteau* v. *Thompson,* 3 Ohio St. 424.

When the appellee called and made the appellant a witness her incompetency was waived, and she thereafter became a competent witness for either party to the action. The *status* of her husband, however, is fixed by the statute. He is rendered an incompetent witness in her behalf. When the appellee waived the incompetency of the appellant, she did not thereby waive the incompetency of the appellant's husband. In actions against the estates of deceased persons, the design of the law in permitting the personal representative to waive the incompetency of the adverse party is to promote the ends of justice by acquiring such facts as are peculiarly within the knowledge of such party. In securing this end, it was not the purpose of the statute to make the husband a competent witness.

The other cause for a new trial discussed by counsel is that the verdict is not sustained by sufficient evidence.

We have examined the evidence, and find it conflicting. This court is not warranted in disturbing the judgment under such circumstances.

Judgment affirmed, at costs of appellant.

Ross, J., absent.

Filed Feb. 1, 1894.