SCOTT, C. J., and GORDON, J., concur.

---

[No. 2442.   Decided February 11, 1897.]

DON YOOK, *Respondent*, v. WASHINGTON MILL COM-
PANY, *Appellant*.

PAROL EVIDENCE — ADMISSIBLE TO PROVE CONSIDERATION — STATUTE
OF FRAUDS — PROMISE TO PAY DEBT OF ANOTHER.

Parol evidence is admissible for the purpose of showing that the
actual consideration for a sale of logs is different from that expressed
in a bill of sale.

A promise by the purchaser of certain logs, as part consideration
therefor, to assume and pay the indebtedness of the seller to a third
party, is an original promise, and not within the statute of frauds.

Appeal from Superior Court, Jefferson County.—
Hon. R. A. BALLINGER, Judge.   Affirmed.

*E. N. Livermore,* and *George H. Jones,* for appellant.

*White, Munday & Fulton,* for respondent:

Ballentine & Kelly contracted to have a part of the purchase money paid to certain of their creditors. The contract was one founded upon a consideration moving from them. No hardship is imposed upon their vendee by exacting from it the promise to pay certain of their creditors a part of the purchase money. The promise was made by the promisee in furtherance of its own ends, and to secure to itself a benefit which it expected to flow from the sale. It is therefore original, and not within the statute. *Wilson v. Bevans,* 58 Ill. 235; *Nelson v. Boynton,* 3 Metc. 396 (37 Am. Dec. 148); *Barker v. Bucklin,* 2 Denio, 45 (43 Am. Dec. 726); *Leonard v. Vredenburgh,* 8 Johns. 29 (5 Am. Dec. 317); *Chapline v. Atkinson,* 45 Ark. 67 (55 Am. Rep. 531). While there was no privity between appellant and respondent, the promise of appellant was made for respondent's benefit and can be taken advantage of by him, as it is now a universally settled principle of law in this country that a person can maintain a suit on a promise made to another for his benefit. *Hendrick v. Lindsay,* 93 U. S. 143; *Wilson v. Bevans,* 58 Ill. 232; 2 Parsons, Contracts, p. 302, note m.; p. 307, note w.

The opinion of the court was delivered by

GORDON, J.—In the month of December, 1893, the logging company of Ballentine & Kelly was indebted to the respondent for board and supplies in the sum of $325. The firm was also owing appellant. At or about that time the firm of Ballentine & Kelly sold and delivered to the appellant a certain boom of piles, the nominal consideration expressed in the bill of sale being $300. Respondent claims that as a part of the

consideration for the logs, the appellant agreed with the firm of Ballentine & Kelly to assume and pay the indebtedness of said firm to the respondent. The jury returned a verdict for respondent, and from the judgment entered thereon defendant appealed.

Appellant complains of the ruling of the court which permitted the respondent, over appellant's objection, to show the actual consideration for the logs, contending that in the absence of any allegation in the complaint of fraud or mistake in the execution of the bill of sale, the consideration expressed therein could not be questioned. The point was decided adversely to appellant's contention in the case of *Van Lehn v. Morse, ante,* p. 219.

It is next urged that the court erred in denying a motion for non-suit, because of the alleged insufficiency of plaintiff's evidence. An examination of the evidence satisfies us that the non-suit was properly denied.

We do not think that the case falls within the statute of frauds. The promise of appellant to pay the debt due from Ballentine & Kelly to respondent was founded upon a consideration moving from Ballentine & Kelly. It was therefore an original promise, and not within the statute.

It is also contended that the verdict was contrary to the evidence. Appellant denies that it promised to pay the respondent's claim. The witness Ballentine testified that at the time of the execution of the bill of sale and as a part of the consideration therefor, Mr. Blake — appellant's manager, with whom all the dealings were had — said he would "pay the Chinaman's bill, take their own bill out and turn the balance over to us." This was corroborated by the witness Howard and further by the respondent himself, who testified

that Mr. Blake promised to pay his bill in Seabeck. "He said he would pay me in ninety days." There were other circumstances developed upon the trial which, we think, tend strongly to support the case of the respondent, and the verdict had substantial evidence in its support.

The conclusion at which we have arrived makes it unnecessary to consider the action of the court in striking appellant's motion for a new trial from the files.

The judgment appealed from will be affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.