[No. 3761. Decided February 20, 1901.]

L. B. DIMMICK, *Respondent*, v. H. W. COLLINS, *Appellant*.

STATUTE OF FRAUDS — PAYMENT OF ANOTHER'S DEBT AS ORIGINAL PROMISE.

An agreement to pay the debt of another as consideration for another contract between the promisor and promisee is not within the statute of frauds.

SAME — ACTION ON CONTRACT — SUFFICIENCY OF EVIDENCE.

In an action by plaintiff to recover upon defendant's promise to a third party to pay such third party's debt to plaintiff, a *prima facie* case sufficient to go to the jury is established by evidence showing that such third party held a lease of certain farm lands of defendant, from which he was to have two-thirds of the grain raised by him thereon; that he had agreed to share his portion of the crop ·with plaintiff, in consideration of the latter's labor in raising the crop; that the lease was subsequently surrendered to defendant on his agreement to pay plaintiff the value of the services performed by him towards raising the crop; and that such services performed by plaintiff were worth $223.25.

SAME — EVIDENCE — RELEVANCY.

In an action by plaintiff to recover the value of his services in raising a crop of grain for a tenant of defendant, and which, it was claimed by plaintiff, but denied by defendant, the latter had agreed with the tenant to pay in consideration of a surrender of the lease, evidence of the condition of the crop at the time of the alleged contract and that it was doubtful whether it would more than pay the costs of harvesting and threshing is admissible as a fact tending to show the reasonableness and probability of defendant's entering into such a contract.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER,. Judge. Reversed.

*Crow & Williams,* for appellant:

Where there is a dispute between parties to litigations, as to what was said, or what was contracted, it is always competent to show the surrounding circumstances, and anything which has a bearing upon the controversy and tends to prove the reasonableness or unreasonableness of the story of either. Stephens, Digest of Evidence, art. 7; Jones, Evidence, § 138; *Moore v. Davis,* 49 N. H. 45 (6 Am. Rep. 460); *Holmes v. Goldsmith,* 147 U. S. 150 (37 L. ed. 118); *Stevenson v. Stewart;* 11 Pa. St. 307; 11 Am. & Eng. Enc. Law (2 ed.), 502, 507.

*A. J. Laughon* and *Del Cary Smith,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—The respondent, plaintiff below, brought this action against appellant upon two causes of action. The first is, in substance, that one W. H. Darknell was indebted to plaintiff in the sum of $223.25; that about August 31, 1899, defendant and said Darknell made and entered into an agreement by the terms of which said Darknell assigned, transferred, and sold to defendant all his right, title, and interest in and to a certain crop of wheat then growing on premises described, in Spokane county, and as consideration therefor the defendant promised and agreed to pay the said indebtedness. The second cause is substantially as follows: That in August, 1899, defendant employed plaintiff to harvest said grain above described and agreed to pay therefor the sum of one dollar and a half per acre; that under said agreement plaintiff harvested fifty-five acres of grain; a demand, and refusal to pay. Defendant answered the said first cause of action and denied the allegations thereof, and for further answer alleged that if the contract alleged was ever made the same was wholly without consideration and was never evidenced by any written memorandum. Answering the second cause of action, defendant, after denying the allegations, alleged a contract to cut thirty acres of said grain at one dollar and a half per acre, and a tender of the amount due.

The cause came on for trial before a jury, and a verdict was given by the jury for the amount prayed for in the complaint. At the close of plaintiff's case, the defendant challenged the sufficiency of the evidence and moved the court to direct a verdict for the defendant upon the first cause of action. This motion was by the court denied, and appellant assigns this ruling of the court as error. Under the rulings of this court in *Don Yook v.*

*Washington Mill Co.,* 16 Wash. 459 (47 Pac. 964), and
in *Gilmore v. Skookum Box Factory,* 20 Wash. 703 (56
Pac. 934), the complaint stated a cause of action, and the
contract was not within the statute of frauds. The other
question to be considered upon this motion is whether
there was any evidence to support the complaint. Wit-
ness Darknell testified substantially as follows:

"I had a lease on the N. E. quarter of section 1, town-
ship 21 north, range 45 E., W. M., which property was
owned by defendant. I surrendered the lease which I
held on said land to Mr. Collins. By my lease with Mr.
Collins I was to receive two-thirds of the grain raised on
the farm, and I had a contract with the plaintiff, Mr.
Dimmick, that he should perform work in raising the
said crop and should receive one-half of my two-thirds
of the crop. He did work under this arrangement and
had performed services of the value of $223.25. This
work consisted in plowing the ground and seeding the
same. Mr. Collins agreed to pay the plaintiff the amount
of $223 which was due from me, and also to pay the
note," etc.

This evidence was corroborated by the plaintiff and one
other witness. It was certainly competent under the plead-
ings and makes a *prima facie* case. The court committed
no error in denying the motion.

Appellant, at the trial, both by cross-examination of
the witnesses of the defendant and by his own evidence,
offered to prove the character, condition, and value of the
crop at the time the contract is alleged to have been made.
Objections to questions having this object in view were
sustained by the court. While the defendant was on the
stand as a witness in his own behalf, and after he had
denied the making of the contract in which he was alleged
to have assumed the said indebtedness of $223.25, and
after he had denied that he had agreed to pay any part

of the same except from the proceeds of the crop, his counsel asked him the following question: "State what the condition of the crop was"; which the court, on objection, refused to allow; whereupon his counsel made the following offer: "If the court please, the defendant now offers to prove that this crop was of very little value; that it was doubtful whether it would any more than pay the costs of harvesting and threshing, which facts were known to plaintiff and defendant and Darknell on September 8, 1900, the time of the agreement testified to"; which the court rejected. This evidence was relevant under the pleadings, and should have been permitted. It was not admissible as upon *quantum meruit*, but was admissible for the jury to consider, with the other circumstances proved, in determining as a question of fact whether the alleged contract had been made. Where there is a dispute between the parties whether or not such a contract has been made, the circumstances surrounding the transaction are permissible to show whether the contract was probable. The law assumes that men make fair bargains; that is, that when they contract they make their agreements equal. *Bedell v. Foss,* 50 Vt. 94. If A. has a horse of no value, and delivers him to B., and then says B. agreed to pay $100 for him, B., when he denies the contract or the purchase price, may show that the horse was valueless, and that he knew at the time that he was valueless, for the purpose of showing that he would in all probability not make such a contract; and this evidence, depending upon the difference between the real value and the price, might have the weight of positive evidence. The truth is to be determined, and the jury are entitled to know the surroundings of the parties and weigh such probabilities. It is not likely that a person would agree to pay $200 for

what was worth nothing or less than nothing. The courts will not relieve against a bad bargain, and evidence of this character is not permitted for any such purpose, but only for the purpose of discovering where the truth is. Common experience of men is valuable for this purpose. The case of *Wheeler v. F. A. Buck & Co.,* 23 Wash. 679 (63 Pac. 566), recently decided by this court, fully discusses and cites many of the authorities, and is in point upon this question and decisive of it.

Errors three and four alleged are not here considered, because these, if held error, would result only in a modification of the judgment.

The cause will be reversed and remanded for a new trial.

REAVIS, C. J., and ANDERS, DUNBAR and FULLERTON, JJ., concur.