[No. 7190. Decided July 28, 1908.]

A. A. WARWICK, *Respondent*, v. GEORGE H. HITCHINGS *et al.*, *Appellants.*[1]

VENDOR AND PURCHASER—CONTRACT — CONSIDERATION — EVIDENCE. In an action for the purchase price of land sold and conveyed, upon an issue as to whether the contract price was $1,100 or $100, evidence of its market value at the time of the sale is admissible, as bearing on the probabilities.

SAME. In an action for the purchase price of land sold and conveyed, upon an issue as to whether the price was $1,100 or $100, evidence is admissible that the citizens of the place had, at the time of the sale, subscribed $1,000 to aid in the purchase of the property or in the construction of a sawmill thereon by the defendants, as supporting plaintiff's claim if the same was for the purchase of the land, or as a circumstance in favor of defendants if the subscription was in their aid.

[1]Reported in 96 Pac. 960.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE. In an action for the price of land sold for a mill-site, the admission of evidence as to the kind of mill to be erected by defendants is harmless error, where the same question was gone into on cross-examination of one of the defendants without objection.

EVIDENCE—HEARSAY. Evidence of a statement of one not a party, who had aided in securing a subscription, as to the purposes of the subscription, is inadmissible as hearsay, when not offered for the purpose of impeachment.

VENDOR AND PURCHASER—ACTION FOR PRICE—PLEADING—MATTERS TO BE PROVED—PARTNERSHIP. In an action against two defendants for the purchase price of land sold and conveyed, the allegation that they were copartners is immaterial, as their liability as joint purchasers would be the same as that of partners.

EVIDENCE—CONTRACT—PAROL EVIDENCE—CONSIDERATION FOR DEED. Where, in an action for the purchase price of land sold and conveyed, it appeared that the plaintiffs had executed an option on April 11, agreeing to convey the property for $1,100, and on April 20 they agreed to convey the property for $100, the deed not to be delivered until a mill had been erected on the property and was in running order, parol evidence is admissible to show that a deed executed and delivered on April 26th, and reciting a consideration of $100, was delivered under either of such contracts, or to show the actual consideration agreed to be paid.

SAME—DEFENSES—ESTOPPEL. In an action to recover the purchase price of lands sold and conveyed, the fact that plaintiff had retained certain bonus notes and sums collected for the benefit of the defendants, does not amount to an estoppel to prosecute the action, but at most a counterclaim or independent demand.

APPEAL—REVIEW—VERDICT. A verdict upon conflicting evidence will not be set aside on appeal, although contrary to the conviction of the supreme court.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered July 12, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover the purchase price of real property. Affirmed.

*Wilson R. Gay* and *C. W. Hodgdon,* for appellants.
*W. H. Abel* and *E. A. Philbrick,* for respondent.

RUDKIN, J.—This was an action to recover the balance due on the purchase price of certain real property, conveyed by the plaintiff and his wife to the defendants. The complaint

alleged that the agreed purchase price was $1,100, that $100 had been paid thereon, and that the defendants failed and refused to pay the balance due. The answer denied that the purchase price was $1,100, or any other or greater sum than $100, and averred that the purchase price had been fully paid. The case was tried before a jury, and from the judgment entered on a verdict in favor of the plaintiff, this appeal is prosecuted.

Under the issues presented by the pleadings, the respondent offered proof tending to show the market value of the property conveyed, at the date of the conveyance, and the ruling of the court in admitting this class of evidence is assigned as error. In *McCowan v. Northeastern Siberian Co.*, 41 Wash. 675, 84 Pac. 614, the court said:

"It is held by this court, in common with many other courts, that, in controversies where a special agreement is alleged on one side and denied on the other, it is relevant to put in evidence any circumstance which tends to make the question at issue more or less probable; this, not to change the contract, but as evidence of what it was."

See, also, *Dimmick v. Collins*, 24 Wash. 78, 63 Pac. 1101, and cases cited. Under these decisions there was no error in the rulings complained of.

It appeared in the course of the trial that a subscription list had been circulated in the town of Moclips, at or before the time the property was conveyed to the appellants, and that the citizens of that place had subscribed the sum of $1,000 to aid in the purchase of this property, or in the construction of a sawmill thereon by the appellants. The admission of evidence relating to this subscription list is assigned as error. The evidence was offered in the first instance for the purpose of showing the relationship existing between the three appellants, but the court afterwards ruled that that question was not material. If it appeared that the money thus subscribed was to be paid to the respondent on account of the purchase price of this land, such proof would be de-

cisive against his present claim. If, on the other hand, the
subscription was in aid of the appellants, we think it was a
circumstance proper for the consideration of the jury, on the
same principle that evidence relating to the value of the prop-
erty was competent.

The admission of evidence tending to show the kind of a
mill the appellants agreed to construct on the property is
next assigned as error. The relevancy of such testimony is
not apparent, but the same question was gone into fully on
the cross-examination of one of the appellants, without ob-
jection, and we fail to see wherein the testimony could be at
all prejudicial. The appellants offered to prove by one of
their witnesses that one Hays had made a statement that the
money raised by the subscription was to go to the respondent.
This testimony was not offered for the purpose of impeach-
ment and was clearly hearsay, as it is not contended that the
party who made the statement or admission had any connec-
tion with either of the parties to this action, beyond the fact
that he circulated or assisted in the circulation of the sub-
scription list. The complaint alleged that the appellants
were copartners, but the court ruled at the trial that this
allegation was not material and need not be proved as alleged.
This ruling was correct. Where an allegation of partnership
is material it must be proved as alleged, but in this case it
would seem utterly immaterial whether the appellants were
partners or joint purchasers, as their liability to the respond-
ent would be the same in either case.

The admission of testimony tending to vary the terms of
a certain written contract dated April 20, 1906, and to vary
the terms of the deed conveying the property to the appellants
is next assigned as error. It appears from the testimony that
the respondent and his wife executed an option under date
of April 11, 1906, agreeing to convey the property to the
appellant Linder in consideration of the sum of $1,100. Un-
der date of April 20, 1906, the respondent and his wife and
the appellant Linder entered into a further agreement where-

by the respondent and his wife agreed to convey the property to the appellant Linder in consideration of the sum of $100, the deed to be delivered when the mill to be constructed on the property was in running order and cutting lumber. The deed, reciting a consideration of $100, was executed on the 26th day of April, 1906, and was delivered at that time or soon thereafter. We do not understand why either the respondent or the appellants should be precluded from showing that the deed was not executed or delivered under either of these agreements. Under the agreement of April 20, 1906, the deed was not to be delivered until the mill was in running order and cutting lumber, but it was manifestly delivered before that time under some other agreement. It was therefore competent for the parties to show the actual agreement under which the deed was delivered and the actual consideration agreed to be paid, regardless of the prior option or agreement. The authorities are practically agreed that in actions of this kind the parties may show the true consideration for a sale, regardless of the consideration recited in the deed of conveyance. *Van Lehn v. Morse*, 16 Wash. 219, 47 Pac. 435; *Don Yook v. Washington Mill Co.*, 16 Wash. 459, 47 Pac. 964; *Ordway v. Downey*, 18 Wash. 412, 51 Pac. 1047, 52 Pac. 228, 63 Am. St. 892; *Wright v. Stewart*, 19 Wash. 179, 52 Pac. 1020.

It appeared from the testimony that certain bonus notes, executed in favor of the appellants, were retained by the respondent in his possession, and that he collected certain small sums due thereon, without accounting to the appellants therefor. It is contended that this conduct on the part of the respondent should operate as an estoppel against his present claim. If, as a matter of fact, the appellants agreed to pay the respondent $1,100 for the property, and have not paid the same, we do not understand on what principle the respondent should be estopped, simply because he retained in his possession certain notes executed in favor of the appellants and collected certain small sums due thereon. Such facts might give

rise to a counterclaim or an independent cause of action in favor of the appellants, but could not work an estoppel.

Error of the court is lastly assigned in the denial of a motion for nonsuit, the denial of a motion for judgment at the close of all the testimony, the denial of a motion for judgment notwithstanding the verdict of the jury, and the denial of a motion for a new trial. All these assignments are based on the insufficiency of the evidence to justify the verdict, and upon certain exceptions to the charge of the court. The writer of this opinion would doubtless have reached a different conclusion had the testimony in this case been submitted to him, but this court does not sit here to review the verdicts of juries based on conflicting testimony, and such was the testimony in this case. The instructions of the court were eminently fair to the appellants, and finding no error in the record, the judgment is affirmed.

HADLEY, C. J., FULLERTON, and MOUNT, JJ., concur.