[No. 9682.  Department One.  February 2, 1912.]

# W. J. ROBERTSON, *Respondent*, v. C. H. O'NEILL, *Administrator etc., Appellant.*[1]

EVIDENCE—DOCUMENTARY EVIDENCE—ACCOUNT BOOKS.  In an action on open account by one employed by defendant's decedent as a timekeeper and bookkeeper, plaintiff's journal entries of the items charged at varying intervals, seemingly made in the usual course of business, are admissible in evidence, where the deceased frequently examined and checked the books, and slept in the office where they were kept during the times in question; and they are not rendered incompetent by the fact that some of the items were of money advanced by the plaintiff.

SAME — ACCOUNT BOOKS — ERASURES.  An objection to account books on account of erasures goes to the weight and not to the competency of the evidence.

WITNESSES—COMPETENCY—TRANSACTION WITH DECEASED.  In an action on open account against defendant's decedent, it is incompetent, under Rem. & Bal. Code, § 1211, excluding evidence of transactions with the deceased, for plaintiff to testify that the deceased checked over the account and approved it.

SAME — TRANSACTIONS WITH DECEASED — WAIVER OF OBJECTIONS. Objections to evidence of the adverse party as to transactions with the defendant's decedent are waived where the defendant, after objection, extended the cross-examination beyond the scope of the testimony in chief, introduced evidence on the subject, and called such adverse party as a witness and sought to use his testimony to the extent that it might be beneficial in defeating his claim or establishing a claim in favor of the estate.

EVIDENCE — RELEVANCY—COLLATERAL MATTERS—ACTIONS AGAINST DECEASED—CIRCUMSTANTIAL EVIDENCE.  In an action on open account by a bookkeeper and timekeeper, employed by defendant's decedent on contract work, in which plaintiff seeks recovery for moneys advanced to the deceased in addition to wages, it is error to exclude evidence offered by the defendant to show that the contract was a profitable one on which there was a large sum due the deceased at the time of his death, as tending to show that deceased would not have borrowed money from plaintiff; circumstantial evidence being especially admissible in favor of the estate of a deceased person.

[1]Reported in 120 Pac. 884.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered April 27, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action upon an open account. Reversed.

*Wakefield & Witherspoon* (*A. C. Shaw* and *E. P. Twohy*, of counsel), for appellant.

*Nuzum & Nuzum* and *Geo. H. Armitage*, for respondent.

Gose, J.—The plaintiff brought this suit to recover upon an account for money advanced and services rendered to the deceased in his lifetime. There was a verdict and judgment for the plaintiff for $1,465.80. The defendant has appealed.

The answer denies the claim of the respondent, and pleads a counterclaim against him for $2,283. The deceased was a railroad contractor, and in the fall of 1909 and the winter of 1909 and 1910, was engaged in construction work on the Des Chutes river, in the state of Oregon. The respondent was his timekeeper and bookkeeper at that point, from some time in August, 1909, until about the close of April, 1910. The respondent and the deceased went to Spokane on April 30, and remained there until the death of the deceased, on June 23 following. The respondent was permitted to introduce in evidence certain pages of the journal which he kept for the deceased during his employment, upon which he had entered the cash and labor charges for which a recovery is sought. The journal where these items appear comprises a series of entries seemingly made in the usual course of business. The respondent's account is shown in the body of these entries at varying intervals. The respondent testified that the deceased frequently examined and checked the books, and that he and the deceased, while the work was doing, slept in the office where the books were kept.

The admission of the journal entries in evidence is the first error claimed. We think they were competent testimony under the circumstances stated. The appellant's argument

assumes that the journal was the respondent's book in so far as he made the charges in his behalf. As we have seen, the charges in his favor were interspersed with other items arising in the usual course of business which the deceased was conducting. The fact that some of the entries represent money advanced to the deceased does not, under the attending circumstances, render the book incompetent. *Ah How v. Furth*, 13 Wash. 550, 43 Pac. 639; *Cascade Lumber Co. v. Aetna Indemnity Co.*, 56 Wash. 503, 106 Pac. 158; *Cormac v. Western White Bronze Co.*, 77 Iowa 32, 41 N. W. 480; *Cargill v. Atwood*, 18 R. I. 303, 27 Atl. 214; *Lewis v. England*, 14 Wyo. 128, 82 Pac. 869, 2 L. R. A. (N. S.) 401; *Flynn v. Columbus Club*, 21 R. I. 534, 45 Atl. 551.

As was said in the *Cormac* case, the respondent made the entries not for himself but for his principal and as his agent, and the books were the books of the principal and admissible as evidence against him. In the *Lewis* case, it is said that, where cash entries appear in the general course of accounts as a part of the regular course of business transacted, they are competent evidence. Some criticism is made of certain items on account of erasures. The objection goes to the weight of the evidence, and not to its competency. *Wolferman v. Bell*, 6 Wash. 84, 32 Pac. 1017, 36 Am. St. 126.

The respondent was permitted to testify that the deceased checked over his account, said that he approved it, and that it was correct. The second assignment of error is directed to the admission of this evidence. It was clearly incompetent under the provisions of Rem. & Bal. Code, § 1211. The error was, however, waived by the appellant. After reserving his exception to the evidence, he cross-examined the respondent touching a number of items in the account, and then had him identify the checks of the deceased issued to the respondent at Spokane between April 30 and June 23, 1910; had him admit that he received these checks aggregating in amount $1,583, and that he cashed them and received the money. He later called the respondent as a wit-

ness, and had him identify the signatures to certain exhibits. The court permitted the respondent to explain why the checks were drawn in his favor, and to state that he gave the money which they represented to the deceased. The appellant also assigns error in the admission of this evidence. The purpose of the statute is to prevent the living from taking an unfair advantage of the estate of the dead. It would, however, be palpably unjust to permit the representative of a deceased person to use the adverse party to the extent that it might aid him in defeating a claim or in establishing an independent claim in favor of the estate, and then claim the benefit of the statute when the adverse party sought to qualify or explain his testimony. This the law will not permit. *Young v. Montgomery,* 161 Ind. 68, 67 N. E. 684; *Gilbert v. Swain's Estate,* 9 Ind. App. 88, 36 N. E. 374; *Strode v. Frommeyer,* 115 Mo. App. 220, 91 S. W. 167; *In re Dunlap's Estate,* 94 Mich. 11, 53 N. W. 788; *In re Hess' Estate,* 57 Minn. 282, 59 N. W. 193; *Thomas v. Irvin,* 90 Tenn. 512, 16 S. W. 1045; *Comstock's Adm'r. v. Jacobs* (Vt.), 78 Atl. 1017; *Allen v. Shires,* 47 Colo. 433, 107 Pac. 1070.

A like rule applies where the cross-examination is extended beyond the scope of what the witness would have been permitted to testify in chief upon direct examination. *Pierce Loan Co. v. Killian,* 153 Mo. App. 106, 132 S. W. 280; *Edwards v. Latimer,* 183 Mo. 610, 82 S. W. 109; *Edwards v. White* (Tex. Civ. App.), 120 S. W. 914. The logic of the cases is that the party who invokes the protection of the statute must himself respect it.

The deceased did not make final settlement of his account for the railroad work. He was paid $2,500 on account by the original contractors, when he had finished his contract and before returning to Spokane. He deposited $2,000 of this amount in a Spokane bank, and had withdrawn it at the time of his death. The appellant sought to prove that the contract had been a profitable one, and that there was a balance of more than $4,000 due at the time of the death of the

deceased. It was contended by counsel in making the offer that it was a circumstance tending to show that the deceased did not borrow money from the respondent. The offer was denied. This we think was error. While as a rule inquiry will not be permitted as to collateral matters, the evidence here offered would have shown that there was no apparent reason why the deceased should have borrowed money from the respondent, either during the progress of the work or after its completion. *McCowan v. Northeastern Siberian Co.*, 41 Wash. 675, 84 Pac. 614; *Wheeler v. Buck & Co.*, 23 Wash. 679, 63 Pac. 566; *Dimmick v. Collins*, 24 Wash. 78, 63 Pac. 1101.

In the *McCowan* case the court said:

"It is held by this court, in common with many other courts, that, in controversies where a special agreement is alleged on one side and denied on the other, it is relevant to put in evidence any circumstances which tend to make the question at issue more or less probable; this, not to change the contract, but as evidence of what it was."

In the *Wheeler* case it is said that, in an action upon a contract for work, when the testimony is conflicting as to the contract price, it is competent to show the value of the work at the time the contract was made as tending to show what the agreed price was. It has many times been said, and cannot be doubted, that circumstantial evidence is just as competent as, and often more potent than, direct evidence. In the trial of a case, any circumstance is admissible which reasonably tends to establish the theory of the party offering it, or to explain, qualify, or disprove the testimony of his adversary. When death has stilled the lips of one of the parties to the transaction and a demand is being asserted against his estate, his representative should be permitted to combat the claim with any circumstance reasonably tending to shed light upon the transaction in controversy.

The judgment is reversed.

Dunbar, C. J., Fullerton, Mount, and Parker, JJ., concur.