[No. 11769.   Department One.   January 29, 1915.]

R. C. PETTET, *Respondent*, v. ELMER E. JOHNSTON *et al.*,
*Appellants.*[1]

CONTRACTS—TERMS — EVIDENCE — ADMISSIBILITY.   Where the evidence as to the terms of an oral contract is conflicting, evidence of the value of the work contracted for is admissible as circumstantial evidence bearing on the contention of the parties.

APPEAL—REVIEW—ERROR INVITED BY APPELLANT.   Where appellant first objected to certain evidence as inadmissible, the objection was sustained, and respondent acquiesced in such ruling by withdrawing the question, error cannot be predicated on the rejection of similar evidence offered by the appellant over respondent's objection; as the error was invited by appellant.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered June 25, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.   Affirmed.

*Coleman, Fogarty & Anderson*, for appellants.
*Stiger & Dally*, for respondent.

CROW, J.—Action by R. C. Pettet against Elmer E. Johnston and Jessie M. Johnston, his wife, to recover the amount alleged to be due on a contract for clearing land and for extra work.   From a verdict and judgment in plaintiff's favor, the defendants have appealed.

The respondent alleged, that, on or about October 1, 1910, he entered into an oral contract with appellants, whereby he agreed to clear about eight acres of land for $125 per acre; that he performed his contract; that he also performed extra work of the value of $100 at appellants' request; and that, after allowing appellants all credits to which they are entitled, they were indebted to him in the sum of $571.17, for which he asked judgment, with interest.   Appellants denied

[1]Reported in 145 Pac. 985.

that the tract to be cleared contained more than six and one-half acres; denied that they agreed to pay respondent $125 per acre; denied that respondent had completed his contract; alleged that it would cost $100 to complete it, and contended that respondent contracted to do all of the work for the agreed sum of $500.

From this statement of the issues, it is apparent that the one question involved was whether the contract price was to be $125 per acre, or $500 in all. Appellants called one I. L. Todd, a competent and qualified witness, and asked him what it would be worth to clear such land as appellants. To this question, respondent's objection, on the ground that it was immaterial and irrelevant, was sustained. Thereupon appellants offered to prove by the witness that he had examined similar land in the immediate neighborhood belonging to the appellants, and that the value of clearing such land would not exceed $80 per acre. To this offer respondent's objection was also sustained. Appellants now contend that, as a dispute arose between the parties with reference to the contract actually made and the contract price, the evidence offered should have been admitted, not for the purpose of establishing a contract, but for the purpose of furnishing circumstantial evidence as to which contention of the parties was correct. In support of this position appellants cite *Wheeler v. Buck & Co.*, 23 Wash. 679, 63 Pac. 566; *Dimmick v. Collins*, 24 Wash. 78, 63 Pac. 1101; *Coey v. Darknell*, 25 Wash. 518, 65 Pac. 760; *Warwick v. Hitchings*, 50 Wash. 140, 96 Pac. 960; and *Robertson v. O'Neill*, 67 Wash. 121, 120 Pac. 884.

There is no question but that this class of evidence is ordinarily competent and admissible in cases of this character for the purpose which appellants urge. In *Wheeler v. Buck & Co., supra,* we said:

"In an action on a contract for work, when the testimony is conflicting as to the price agreed upon for the work, it is

competent to show the value of such work at the time the contract was made, as tending to show what the agreed price was."

We are of the opinion, however, that appellants are not in a position to take advantage of this alleged error. The record shows that, when respondent was introducing his evidence for the purpose of showing the contract which he alleged was made, he produced one A. O. Clevish, a competent witness, and asked the following questions:

"Q. Do you know what it is worth to clear such land as that, take it all together, as a job? A. Why, I have done such work on a job. Q. What would it be worth to clear such land? Mr. Anderson [attorney for appellants]: Objected to as immaterial. Sustained. Question withdrawn."

It will thus be noticed that the first objection to this class of evidence was made by appellants and sustained by the trial court; that, after the objection was sustained, respondent submitted to the ruling of the court and withdrew the question. The first ruling of the court, that this evidence was inadmissible, was procured by appellants themselves. If the ruling was erroneous, the error was invited by them. This being true, it is apparent that appellants are now in no position to take advantage of the error which they invited and now urge.

Appellants urged the exclusion of this evidence as error, in presenting their motion for a new trial. In passing upon the motion, the trial judge well said:

"I do not think that the defendant is in a position, after having obtained a ruling from the court that such evidence is immaterial, to now predicate error on the court's sustaining an objection to similar testimony proposed by the plaintiff."

Appellants in their brief seek to meet this suggestion by saying:

"The court appears to be of the opinion that errors can be set off against each other so long as they have occurred in the offer of testimony by the opposing parties to the suit."

If appellants had first offered to introduce this evidence and respondent had objected, and thereafter respondent had sought to introduce it, the situation of the parties would be different. But as above suggested, the ruling was first procured by the appellants themselves, and it is a well settled rule of practice that no advantage can be taken of invited error by the party who invited it. 2 Ruling Case Law, § 198.

The judgment is affirmed.

CHADWICK, MAIN, and ELLIS, JJ., concur.