PEOPLES TRUST COMPANY *v.* HINTON.

[No. 14,198. Filed August 12, 1931. Rehearing denied October 6, 1931. Transfer denied January 11, 1933.]

*Fred S. Caldwell* and *Warner, Clark & Warner,* for appellant.

*Eichhorn, Gordon & Edris* and *O'Neill & Bales,* for appellee.

LOCKYEAR, J.—One Mary W. Bloss died intestate on September 2, 1924, and Delcena Hinton was appointed administratrix of the estate of Mary W. Bloss, deceased.

Judge W. A. Thompson, later deceased, was attorney for said administratrix.

This administratrix, within about a month after her appointment, proceeded to take an inventory of the assets of said estate.

She went to the bank of the appellant and got a lock box that belonged to the deceased, took it to Judge Thompson's office and had the contents thereof inventoried and appraised by two men, Max Schaffer and Earl Wells, two competent appraisers of Delaware County, Indiana.

On the trial of this case the two appraisers, the administratrix and her husband, Grant C. Hinton, testified that the lock box contained a certificate of bank stock No. 194 for ten shares Peoples Trust Company of $100 each, having thereon the name of the deceased to whom it was issued. The appraisers discussed with each other and with Judge Thompson as to the value of said stock and appraised it. The administratrix and her husband testified that she returned the box to the bank with the certificate of stock therein; that afterward she went to the bank and on examination of the box found the certificate of stock was not there. She inquired of George L. Hammond, the vice-president of the appellant company, and was told that she was mistaken, for the stock had been sold in 1923, before the death of Mrs. Bloss.

It is admitted that the appellant sold five shares of said stock to one Vic Palmer for $750, and five shares to Charles A. Terhune for $750, the proceeds of which was paid to appellant. When the appellee discovered that the certificate of stock was gone she made demand of the appellant for the $1,500 which appellant refused to pay, claiming that the proceeds of the sale had been paid to the decedent before her death.

Whereupon this action was brought as and for money had and received.

The cause was submitted to a jury and a verdict returned in appellee's favor in the sum of $1,740, upon which verdict a judgment was rendered against appellant.

The only error assigned is that the court erred in overruling appellant's motion for a new trial.

At the trial of this case the appellee called as a witness in her behalf George L. Hammond, vice-president of appellant company, and proved by him that the appellant sold the stock to the two parties above named and that the appellant received the proceeds thereof, and after she, as plaintiff, rested the appellant called the same witness and he was asked: "On June 16, 1923, what, if anything, did you pay to Mary Woods Bloss in connection with the transfer by her of certificate 194 of the stock of the Peoples Trust. Company?" The plaintiff objected as follows: "The witness objects to the question on the ground that the witness is incompetent to testify." The defendant made the following offer: The defendant offers to prove by this witness in answer to this question and other questions to be submitted to him that on said June 16, 1923, the defendant, Peoples Trust Company, gave to Mary Woods Bloss in payment for said certificate of stock two secretary's checks, one for $400 and one for $50, both of which said checks were later presented to and paid by the defendant, and also gave to her one bond of United States Liberty Loan for the principal sum of $1,000. The court sustained the objection and the defendant at the time excepted.

This ruling of the court is assigned as error in the motion for a new trial, which motion was overruled and proper exception taken. The court evidently based his ruling on Acts of 1881, p. 240, Sec. 276 Burns 1926, Sec. 551, which reads as follows: "In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person

who is a necessary party to the issue or record whose interest is adverse to such estate shall not be a competent witness as to such matters against said estate: Provided, however, That in cases where a deposition of such decedent has been taken, or he has previously testified as to the matter and his testimony or deposition can be used as evidence for such executor or administrator, such adverse party shall be a competent witness for himself, but only as to any matters embraced in such deposition or testimony."

The question here involved is well stated in the case of *Young* v. *Montgomery* (1903), 161 Ind. 69, 67 N. E. 684, where a party to a suit against a devisee exercises his right to call and examine the defendant as a witness such party thereby renders the defendant a competent witness for all purposes. *Robertson* v. *O'Neill* (1912), 67 Wash. 124, 120 Pac. 884; note Ann. Cases 1913A, 682; *Bartlett* v. *Burden* (1894), 11 Ind. App. 419, 39 N. E. 175; *Gacesa* v. *Consumers' Power Company* (1922), 220 Mich. 338, 190 N. W. 279, 24 A. L. R. 675; *Fox* v. *Barrett's Est.* (1898), 117 Mich. 162, 75 N. W. 440.

The question here presented is as to whether the appellee can call the witness and ask him as to the sale of the stock and the amount received and then prevent him from testifying as to the disposition of the proceeds.

The statement of the facts makes the rule axiomatic —and in all fairness the witness should have been permitted to answer the question. The ruling of the court constitutes reversible error.

The judgment is reversed with instructions to grant the appellant a new trial.