[No. 2176. Decided December 17, 1896.]

B. F. VAN LEHN *et al.*, *Respondents*, v. S. G. MORSE, *Sheriff of Clallam County, Appellant.*

ERROR OF COURT — WHEN CURED BY INSTRUCTIONS — CONSIDERATION — VARIATION BY PAROL.

An erroneous and prejudicial remark of the trial judge in ruling upon the relevancy of certain evidence, which remark would be calculated to mislead the jury, is cured by the giving of subsequent correct instructions expressly directed to the matter.

When one consideration is expressed in a deed, any other consideration consistent with it may be averred and proved.

Appeal from Superior Court, Clallam County.— Hon. JAMES G. McCLINTON, Judge. Affirmed.

*Allen & Powell,* for appellant.

*Brady & Gay,* and *George C. Hatch,* for respondents.

The opinion of the court was delivered by

GORDON, J.—This was an action in replevin for the recovery of a stock of general merchandise situated at Port Angeles in Clallam county. It appears from the record that for several years prior to July, 1893, C. E. and J. Langdon Bell were co-partners, and as such conducted a general merchandise store at that place. They were largely in debt and unable to pay their bills as they matured. On the 28th of July of that year, being pressed by certain of their creditors, they made a bill of sale of their entire stock to the respondents in this action ( plaintiffs below). Immediately following the execution of the bill of sale, respondents caused it to be recorded in the office of the auditor of the county, and went into possession of the property in dispute. On the same day suits were brought by cer-

tain creditors of Bell & Co., in which suits attach-
ments were issued and levied upon the property herein
involved, and thereupon respondents instituted this
action against appellant Morse as sheriff, and the at-
taching creditors, to recover said property or its value.
Appellant in his answer attacks the sale, alleging
that it was made by Bell & Co. to hinder, delay and
defraud their creditors, of which intent the plaintiffs
had notice.   Further, that Bell & Co. were largely in
debt and insolvent and were being pressed by their
creditors, of which the respondents also had knowl-
edge.   Other allegations of the answer need no men-
tion.   The court dismissed the action as to all of the
defendants except Morse, sheriff, the appellant herein.

Upon the trial it was admitted that the value of the
stock of goods was $4,000; that the respondents were
in possession of the goods when attached; that Bell &
Co. were, at the time of sale, indebted to various par-
ties.   It also appears that, at the time of sale, they
were insolvent; that the real consideration for the
transfer was two hundred acres of land, the value of
which was placed at from ten to twenty dollars per
acre by witnesses for the respondents, and at from five
to ten dollars per acre by witnesses for the defense;
also $500 in cash, $200 in county warrants, and a re-
ceipted bill for $100, which Bell & Co. owed one of the
respondents herein.   The trial resulted in a verdict
for plaintiffs, upon which judgment was thereafter en-
tered.   Defendant's motion for a new trial was denied,
and the cause appealed.

There are a great number of distinct assignments of
error set forth in the brief of appellant, all of which
have been carefully considered, but many of which do
not merit specific mention in this opinion.   One of
the principal points relied upon for reversal, and the

one to which the oral argument of counsel was addressed, is based upon a remark alleged to have been made by the court in ruling upon an objection to the introduction of evidence. It appears from the evidence that one Bickford, an attorney at law, prepared the bill of sale from Bell & Co. to the respondents, and rendered other assistance in connection with the transfer, and upon the trial the appellant sought to show by witness Allen that Bickford had, prior to the consummation of the sale, obtained knowledge that Bell & Co. were being pressed by their creditors, and, an objection having been interposed by respondents' counsel, the court, in disposing of such objection, remarked :

"It is in evidence that Mr. Bickford was there " representing these parties. Whether or not as their " attorney I am unable to decide from the evidence. " It will be admissible in certain phases of the case, " still it would not bind them, even if they are pre- " sumed *prima facie* to know what their attorney knows, " if as a matter of fact they never did know they " would not be bound — that would be the fault of the " attorney and not the party."

This purported remark was contained in the statement of facts proposed by appellant, and the lower court having refused to incorporate it therein a petition was filed in this court for the purpose of compelling the learned superior judge to include it within said statement of facts. An order was made directing a reference, and the evidence taken thereupon has been returned to this court.

For the purposes of this opinion, we will dispose of the question upon the assumption that the remark actually occurred, and that it is, or should be, a part of the statement. Upon such assumption it is apparent that the court erred in stating in effect that re-

spondents would not be bound by the knowledge obtained by their attorney of the intention of Bell & Co. to defraud their creditors by disposing of their property to the respondents; and such error would require a reversal of the judgment, did it not further appear that it was cured by the following explicit and direct instruction thereafter given to the jury:

"If the jury believe from the evidence that H. K. Bickford was employed by plaintiffs to represent them and assist them as an attorney at law, and not merely as a skillful trader and assistant in drawing papers; and if you further believe from the evidence that said Bickford while acting for said parties as such attorney at law, if you find he was acting in such capacity at the time and just prior to said transfer, knew of the intent of Bell & Co. to hinder, delay or defraud their creditors or any of them, if you find such intent existed, or if you believe said Bickford was then acting as such attorney and had knowledge of facts and circumstances, which would have discovered such intent, if you find it existed, by the use of ordinary diligence, provided he had such knowledge before the completion of said transfer, *then in such case the law would impute the knowledge of the attorney to* his clients and the sale would be void as to creditors of Bell & Co."

In view of this instruction, we think it clear that the jury could not have been misled by the remark made to counsel in the presence of the jury when passing upon the objection above noticed. The error thus committed was cured by the subsequent correct instruction expressly directed thereto, and, in contemplation of law, no prejudice resulted.

2. The bill of sale recites a consideration of "$4,000 in gold coin," and on the trial respondents, over appellant's objection, were permitted to prove the actual consideration already noticed, and this is assigned as

error. While there seems to be some conflict of authority upon the question, we think that the true rule is as stated by Justice SEDGWICK, speaking for the court in *Quarles v. Quarles*, 4 Mass. 680:

" The principle is, I think, most clearly established, " that when one consideration is expressed in a deed, " any other consideration *consistent* with it may be " averred and proved."

See, also, Bump, Fraudulent Conveyances (3d ed.), p. 596, and cases cited; Wait, Fraudulent Conveyances, § 221, and authorities there collated.

A great many errors are predicated upon instructions given to the jury and the refusal of the court to give other instructions requested by the appellant. We have carefully examined the charge and are impressed with the conviction that, considered as a whole, it was comprehensive and fair. Many of the propositions involved required of the trial judge somewhat extended comment not susceptible of being stated in a single instruction; but, as already observed, we think the charge as a whole fully embraced and fairly declared the law of the case, and we are further satisfied that the judgment does substantial justice between the parties.

Affirmed.

ANDERS and DUNBAR, JJ., concur.