[No. 14372.   Department Two.   April 25, 1918.]

## J. W. ROBERTS, *Respondent,* v. JESS STILTNER *et al.,* *Appellants.*[1]

EVIDENCE—PAROL EVIDENCE TO VARY WRITING — EXPLAINING CON-
SIDERATION.  Where a written contract for the sale of a quarter sec-
tion of land acknowledged payment of $2,700 in cash as part of the
purchase price, it is admissible to show by parol evidence that the
true consideration for the part payment was ten acres retained by
the grantor and the discharge of certain liens, received as and in
lieu of the $2,700; as the same is not inconsistent with and does not
vary the written contract of sale.

FRAUDULENT CONVEYANCES—KNOWLEDGE OF GRANTEE—EVIDENCE—
SUFFICIENCY.  In an action to quiet title to land, conveyed in fraud
of rights under plaintiff's prior contract of purchase, the evidence
supports findings that the grantee knew of the fraud, where it ap-
pears that he and the grantor were very intimate friends and their
relations were such that he must have known of the existence of
plaintiff's prior contract, and in no event paid over $1,250 for land
worth approximately $5,000.

Appeal from a judgment of the superior court for
Lewis county, Back, J., entered January 29, 1917, in
favor of the plaintiff, in an action for specific perform-
ance, tried to the court.  Affirmed.

*John F. Dore* and *Robert Welch* (*A. G. McBride,*
of counsel), for appellants.

*C. D. Cunningham,* for respondent.

PARKER, J. — The plaintiff, Roberts, seeks specific
performance of the following contract in so far as it
obligates the defendants Stiltner and wife to convey to
him the S. W. ¼ of section 24, in township 12, N. R. 5
E, in Lewis county, excepting ten acres described as
the N. W. ¼ of the N. W. ¼ of the S. W. ¼ of that
section.

"Jan. 26, 1916.

"We, the undersigned agree to sell the following de-
scribed property, to-wit:  S ½, S. W. ¼, E ½ of N.

[1]Reported in 172 Pac. 738.

W. ¼ and S. W. ¼ of N. W. ¼ and lot 6 in section 24, T. 12, N. range 5 E. W. M. to J. W. Roberts for the following consideration, towit: $5000 (Five Thousand).

"We the undersigned have received this day as part of the consideration the following: One team of horses, buggy and harness, valuation $500, $2,700 cash as part of the purchase price of said land.

"J. W. Roberts agrees to give to Anna Stiltner and her husband a first mortgage on said land for $1,800 to be paid in two years, at eight per cent interest.

"J. W. Roberts agrees to pay back taxes and one mortgage to C. K. Walsh for $140, with interest, and agrees to give a bill of sale on said horses. Jess Stiltner and wife agrees to give J. W. Roberts sixty days to full close the deal.          (Signed) Jess Stiltner,

"Anna Stiltner,
"J. W. Roberts."

A literal reading of this somewhat involved land description shows that it covers all the land here claimed by the plaintiff and more, that is, it covers the whole of the S. ½ of the section and also land in the N. W. ¼ of the section. We note that lot 6 is the fractional N. E. ¼ of the S. W. ¼ of the section, containing slightly less than forty acres, according to the official plat of the United States government survey. The plaintiff also seeks the setting aside of a deed executed by the defendants Stiltner and wife to the defendant McLennan on February 10, 1916, purporting to convey the whole of the S. W. ¼ of the section. This deed, the plaintiff claims, was executed in fraud of his rights under the contract with the defendants Stiltners. Trial in the superior court for Lewis county resulted in a judgment and decree in substance as sought by the plaintiff, from which the defendants have appealed to this court.

At the time of the making of this contract, Stiltner and wife were the owners of the whole of the S. W. ¼ of the section and owned no other land or real prop-

erty whatever. It is conceded by all concerned that, in so far as the contract describes land other than in the S. W. ¼ of the section, it did so because of the mutual mistake of all the parties. Respondent did not seek the reformation of the contract in a technical legal sense so as to exclude from the description land outside of the S. W. ¼ of the section, but conceded that he had no right to any land under the contract outside of the S. W. ¼ of the section. The trial court, however, by its decree, did in form, reform the contract in accordance with the admitted fact that the description was intended by all parties to be so limited. Respondent's disclaiming of the ten acres consisting of the N. W. ¼ of the N. W. ¼ of the S. W. ¼ of the section was because, as he claims, of an agreement made between the parties, at the time of the making of the contract, that he would allow the Stiltners to retain this ten-acre tract on which their home buildings were situated, or that he would reconvey it to them upon the final consummation of the sale and the execution of the deed by them to him in compliance with the contract.

It is claimed by the respondent that the retaining of this ten-acre tract by the Stiltners and the payment of the $140 mortgage and the back taxes by him was the real consideration of that part of the consideration stated in the contract to have been received as $2,700 in cash by the Stiltners. This claim of respondent did not appear in his pleadings, he merely pleading the contract which showed that the $2,700 had been paid. He plead, however, that he had paid the $140 mortgage and the back taxes, and tendered the $1,800 mortgage to be executed by him in final payment of the purchase price, all of which was done within the sixty-day limit prescribed in the contract. The fact that the $2,700 had been paid in cash was denied by the Stilt-

ners and brought out by their counsel upon cross-examination of the respondent while upon the witness stand, and by the testimony of the Stiltners in their defense. It was in response to this showing that evidence was introduced by respondent thus explaining the consideration, in so far as the $2,700 is concerned. The evidence, we think, clearly calls for the conclusion that this is the true meaning of the acknowledgment by the Stiltners in the contract of the payment of the $2,700 in cash upon the purchase price.

It is contended by counsel for appellants that the trial court erred in admitting oral evidence in respondent's behalf in explanation of that part of the consideration acknowledged in the contract as having been received as $2,700 in cash by the Stiltners. The argument is that this was the admission of oral evidence to vary and contradict the written terms of the contract and that it was, therefore, inadmissible. Now, if appellants can lawfully be permitted to show by oral evidence that the $2,700 was not paid in cash, in contradiction of their solemn acknowledgment in the contract that it was so paid, it seems difficult to see why respondent may not also lawfully be permitted to show that the Stiltners did, nevertheless, receive property, or a promise that they might retain property already in their possession, agreed to be worth $2,700 in lieu of the $2,700 in cash. However, we think it is not the law that oral evidence explaining and showing the true consideration of the purchase price of land in a contract of this nature is inadmissible, either as varying the terms of the written contract or as being in contravention of the statute of frauds. In *Van Lehn v. Morse,* 16 Wash. 219, 47 Pac. 435, Judge Gordon, speaking for the court, quoted with approval from an opinion of Justice Sedgwick, speaking for the court in *Quarles v. Quarles,* 4 Mass. 680, as follows:

"The principle is, I think, most clearly established, that when one consideration is expressed in a deed, any other consideration *consistent* with it may be averred and proved."

This view of the law was adhered to by this court in *Don Yook v. Washington Mill Co.*, 16 Wash. 459, 47 Pac. 964, where oral evidence was held admissible for the purpose of showing that the actual consideration for the sale of the logs was different from that expressed in the bill of sale. In *Flynn v. Flynn*, 68 Mich. 20, 35 N. W. 817, the same view of the law is expressed, and it is there pointed out that such evidence is admissible apart from the question of reformation of the contract, Judge Campbell, speaking for the court, observing:

"The bill of complaint prays for a reformation of the deed, so as to express the true consideration; but this was unnecessary, as the true consideration may always be shown where it becomes material to do so, without reforming the deed."

In the text of 17 Cyc. 653, we read:

"It is held by an uncounted multitude of authorities that the true consideration of a deed of conveyance may always be inquired into, and shown by parol evidence, for the obvious reason that a change in or contradiction of the expressed consideration does not affect in any manner the covenants of the grantor or grantee, and neither enlarges nor limits the grant."

And on pages 655 and 661, the text and authorities cited in support thereof show that the rule is as applicable to contracts as to deeds, unless the statement of the manner of the payment of the consideration, or the part thereof in question, evidence an executory contractual obligation. Plainly the mere acknowledgment of the payment of the $2,700 is in no sense an evidencing of any contractual obligation on the part of respondent, and as far as his obligation to pay the $140

and the back taxes is concerned, the evidence clearly shows he performed those obligations within the time specified. Nor do we think the fact that the actual consideration, in so far as the $2,700 is concerned, consisted in whole or in part of an agreement on the part of respondent to allow the Stiltners to retain the ten acres prevents the application of the rule of allowing oral evidence explaining the consideration in this case. They already had possession of these ten acres and the legal title thereto and, in its last analysis, the question of their retention of the ten acres under the oral arrangement had to do only with the question of the explanation of the expressed consideration, in so far as the acknowledged $2,700 cash payment is concerned. We are of the opinion that the court did not commit error in admitting oral evidence explanatory of the expressed consideration in this respect.

It is contended in appellants' behalf that the trial court erred in holding that the deed of the whole of the S. W. ¼ of the section, executed by the Stiltners to McLennan, was made in fraud of the rights of respondent under the contract, in so far as they then conveyed the portion of the S. W. ¼ of the section other than the ten acres retained by the Stiltners. A careful review of the evidence convinces us that it is ample to support the conclusion reached by the trial court upon this question. The evidence, we think, warranted the conclusion that the whole of the S. W. ¼ of the section was worth approximately $5,000; that the consideration paid by McLennan to the Stiltners therefor in no event exceeded $1,250; that the Stiltners and McLennan were very intimate friends, and that their relations were such that McLennan must have known that there then existed this contract of sale for the land between the Stiltners and respondent. We note that McLennan did not testify upon the trial, though

in the courtroom during the whole of the trial. We think it would be unprofitable to review the evidence here in detail upon this question. We conclude that the trial court correctly determined this question in favor of respondent.

The judgment and decree of the trial court is affirmed. While the decree determines the respective rights of the parties, it provides for the doing of certain things by the respective parties, such as making proper conveyances, executing the $1,800 mortgage in proper form, and the payment of the sum of $207.39 by respondent to McLennan in adjustment of a certain matter incident to the case which we have found it unnecessary to here notice, all to be done within ten days following the entry of the decree, to the end that it be made effectual.. We conclude that such ten day limit, or such other further reasonable time as the trial court may determine, shall commence to run from the day of the filing of the remittitur in the superior court for Lewis county evidencing the judgment rendered by this court upon this decision. The cause is remanded to the trial court for such further proceedings looking to the rendering of the judgment and decree effectual as may be necessary, not inconsistent with our views herein expressed.

ELLIS, C. J., MOUNT, CHADWICK, and HOLCOMB, JJ., concur.