[No. 36865. Department Two. February 27, 1964.]

SEATTLE-FIRST NATIONAL BANK, *Appellant,* v. A. LINUS PEARSON *et al., Respondents.*[*]

*Howe, Davis, Riese & Jones,* for appellant.

*Fetty & Olwell,* by *David H. Olwell,* for respondents.

WEAVER, J.—This is an action by the Seattle-First National Bank (appellant) against defendants A. Linus Pearson and wife (respondents) upon a written guaranty agreement.

August 28, 1958, the bank loaned $5,000 to the Oravetz Charcoal Company, Inc. on its demand promissory note bearing 7 per cent interest. The same day, defendant A. Linus Pearson signed the written guaranty which, insofar as we need consider it, provides:

"In consideration of financial accommodations given or to be given to ORAVETZ CHARCOAL COMPANY, INC. (herein called the Customer) by SEATTLE-FIRST NATIONAL BANK (herein called the Bank), and in consideration of the Bank's agreeing to deal with the Customer, the undersigned, on behalf of themselves and of the marital communities consisting of themselves and their respective wives, if married, hereby jointly and severally guarantee payment to the Bank of all liabilities and indebtedness which the Customer has

[*] *Reported in 389 P. (2d) 665.*

incurred or is under or may incur or be under to the Bank, whether arising from dealings between the Bank and the Customer or from other dealings by which the Bank may become in any way a creditor of the Customer.

"(The liability of the undersigned at any one time hereunder is limited to the principal sum of............FIVE THOUSAND AND No/100........dollars, together with all interest due or to become due thereon to the Bank.)

"The Bank may apply all money received from the Customer or otherwise or from collateral upon such part of the Customer's indebtedness as the Bank may think best, without in any way limiting or lessening the liabilities of the undersigned under this guaranty.

"The Bank shall not be bound to exhaust its recourse nor to take any action against the Customer or other parties on the collateral it may hold before being entitled to payment by the undersigned of all amounts hereby guaranteed, but may make such demands and take such actions as it deems advisable.

"  .   .   .

"If the Customer is a corporation, the undersigned guarantee and represent that they are stockholders, or directors or officers and/or are financially interested in the Customer, and if married, their marital communities are so interested."

At the time this action was commenced upon the guaranty agreement, the borrower owed plaintiff $3,025.85, plus interest at 7 per cent from August 28, 1958.

Defendants pleaded two affirmative defenses: the first, that the bank manager fraudulently represented to defendant that the bank held assigned accounts receivable sufficient to secure the borrower's indebtedness, when in fact they were insufficient; the second, that defendants' marital community was not liable upon the guaranty agreement.

By appropriate objections made throughout the trial, counsel for plaintiff bank preserved the question of the admissibility of parol evidence to vary the terms of the written guaranty agreement.

Realizing that defendants' first affirmative defense presented an issue of fraud, the court overruled the objections, saying:

"  .   .   .   I don't see any use in making the [parol evi-

dence] argument. I am going to have to hear it. If there is fraud, I have to hear these things to know how to rule."

After all evidence had been submitted, the court announced it was not sufficient to support a finding of fraud. Subsequently, this decision was embodied in a formal finding of fact.

At this point, for the first time, defendants urged (a) that there was consideration for the guaranty other than that expressed in writing—the bank held valid accounts receivable as collateral security for the loan to Oravetz Charcoal Company to insure defendants' guaranty; (b) that the bank did not have sufficient valid accounts receivable as collateral; hence, there was a failure of consideration for the guaranty and plaintiff's action should be dismissed.

Plaintiff countered, contending the defense of failure of consideration was not available to defendants because it had not been pleaded as required by Rule of Pleading, Practice and Procedure 8(c), RCW Vol. 0[1], and had been waived as a defense pursuant to Rule of Pleading, Practice and Procedure 12(h), RCW Vol. 0.[2]

Admittedly, defendants' first affirmative defense sounds primarily in fraud. Although the pleading is not a recommended model, we are inclined, however, to interpret it most liberally and conclude, as did the trial court, that it is sufficiently broad to encompass defendants' theory of failure of consideration.

The following facts and conclusions of law found by the trial court stand unchallenged by any party in the record before us.

(a) "That contemporaneously with the loan of August 28, 1958, plaintiff by its agent, Vern Rolfe, manager of its Burien Branch, did request and receive the written guaranty

---

[1]"*Affirmative Defenses.* In pleading to a preceding pleading, a party shall set forth affirmatively . . . failure of consideration . . ." Rule of Pleading, Practice and Procedure 8(c), RCW Vol. 0.

[2]"*Waiver of Defenses.* A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, except . . . [exceptions not applicable]." Rule of Pleading, Practice and Procedure 12 (h), RCW Vol. 0.

of A. Linus Pearson for the amount of $5,000.00, and that plaintiff did properly rely upon said guaranty which was secured without fraudulent representations, . . ." Finding of Fact IV.

(b) "That in fact one of the aforesaid accounts, in the amount of $3,250.00 from Watson-Hall Fuel Yard of Seattle, to Oravetz Charcoal Company, was not a valid, subsisting account receivable of Oravetz Charcoal Company, . . ." Finding of Fact V.

(c) "That the plaintiff and A. Linus Pearson did enter into a valid agreement whereby the said defendant did agree to guaranty the indebtedness of a certain Oravetz Charcoal Company in the amount of $5,000.00." Conclusion of Law I.

(d) "That any obligation thereunder was a separate obligation of defendant, A. Linus Pearson, and was, in addition, an obligation of the marital community composed of the defendants." Conclusion of Law II.

In view of the oral testimony, the trial court found that the alleged accounts receivable constituted an additional consideration for the written guaranty; that there were not additional valid accounts receivable; hence, there was a failure of consideration for the guaranty. Plaintiff bank appeals from a judgment dismissing its action with prejudice.

It is apparent from the court's findings of fact and conclusions, quoted *supra,* that there is *not* before us the question of the performance of an external condition precedent (to be proved by oral testimony) before the written guaranty became a contractual obligation. In *Nelson Equip. Co. v. Goodman,* 42 Wn. (2d) 284, 287, 254 P. (2d) 727 (1953), we collected numerous decisions of this court wherein parol evidence was permitted to show that a written agreement, absolute in form, was not to become a binding obligation except upon the happening of a certain event. They are not applicable to the unchallenged factual pattern of the instant case.

Basically, the question is whether parol evidence is admissible to show additional consideration, and the subsequent failure thereof, for the written guaranty. We keep in mind that the written instrument contains a consideration clause which states it was made in "consideration of

financial accommodations given or to be given . . . and in consideration of the Bank's agreeing to deal with the Customer, . . .".

Defendants contend that oral testimony is always available to prove the consideration for a contract. In his discussion and analysis of previous decisions of this court concerning this point of law, one commentator said:

"A receipt is not a contract and not an integration. Recitals in such a document are not protected by the parol evidence rule. Neither are recitals of fact in an integration. Although the court has talked as though a like liberality extends to any proof aimed to establish the true consideration for an agreement, such statements are not to be taken literally. Where a bilateral agreement states a promise, it cannot be shown that the promise was not in fact made. *Nor can an additional promise be fastened on the promisor by parol, where the instrument is complete on its face.* . . ." (Italics ours.) Shattuck, Contracts in Washington, 34 Wash. L. Rev. 345, 379 (1959).

■ It is a well-established rule that, with certain exceptions, parol evidence is not admissible to vary the terms of a written contract. *Fleetham v. Schneekloth,* 52 Wn. (2d) 176, 324 P. (2d) 429 (1958), and cases cited.

In *Kinne v. Lampson,* 58 Wn. (2d) 563, 567, 364 P. (2d) 510 (1961), this court discussed proof of consideration and the parol-evidence rule.

"Parol evidence has been held to be admissible to show what the true consideration is where the contract contains a mere recital of consideration (*e.g.,* 'one dollar and other valuable consideration') as contrasted to contracts in which the stated consideration is a 'contractual element' of the contract. [citing authorities] Parol evidence is also admissible to show any consideration which is consistent with the stated consideration; in *Roberts v. Stiltner, supra,* [101 Wash. 397, 172 Pac. 738] the purchaser was allowed to show that the seller had accepted property worth $2,700 in lieu of the $2,700 cash consideration stated in the contract."

The court held oral evidence inadmissible to vary the terms of the written contract.

Our decision in this case is governed by the rationale of

*Ryan v. Ryan,* 48 Wn. (2d) 593, 595, 295 P. (2d) 1111 (1956) wherein this court said:

"Where the consideration consists of a specific and direct promise by one of the parties to do certain things, this part of the contract can no more be changed or modified by parol evidence than any other part. A party has the right to make the *consideration of his agreement* the essence of the contract. When this is done, the provision, as to consideration, stands on the same plane as other provisions of the contract. They are conclusive and immune from attack by parol or extrinsic evidence." (Italics ours.)

The consideration expressed in the guaranty agreement is a promise by each party to do certain things. The consideration expressed is not a receipt nor an acknowledgment of something received; it is not a mere recital; it is promissory and contractual in nature.

None of the factors necessary to vary the stated consideration by parol evidence is present. In the absence of a finding of fraud, it was error to consider the oral testimony introduced to vary the terms of the guaranty.

Our conclusion is fortified by the recent decision of this court in *City Nat. Bank of Anchorage v. Molitor, ante* p. 737, 388 P. (2d) 936 (1964).

The judgment of dismissal is reversed and the cause remanded with directions to enter judgment consistent with the unchallenged facts and conclusions found and in accordance with the prayer of plaintiff's complaint.

It is so ordered.

OTT, C. J., DONWORTH, and HAMILTON, JJ., and MURRAY, J. Pro Tem., concur.