## HARVEY E. AUMAN v. PHILA. ETC. R. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF BERKS COUNTY.

Argued March 4, 1890—Affirmed at Bar.

(*a*) The plaintiff brought trespass against a railroad company to recover damages for consequential injuries to his property, arising from the construction and operation of defendant's siding upon a public street in front of it:

1. In such case, it was not error to refuse the defendant's inquiry of the plaintiff, whether he would take a sum certain for the property as affected by the siding, and of its own witness, whether the latter would give a sum certain for the property thus affected.
2. Nor was it error to refuse defendant's offer to prove for what purpose the siding was then and had been used, the amount of freight transferred, and the number of trains run, as evidence of the injury caused by the ordinary and probable uses of the siding.

Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 262 January Term 1890, Sup. Ct.; court below, No. 32 June Term 1889, C. P.

On May 17, 1889, Harvey E. Auman brought trespass against the Philadelphia & Reading Railroad Company, filing a statement of claim which averred:

" That in the months of September and October, 1888, the defendant constructed a branch railroad or siding from the Lebanon Valley Railroad to the brewery of Peter Barbey & Son, in part upon and along said Gordon street, and in front of the said described property of the plaintiff, in such a manner and so near to the said property of the plaintiff as to obstruct the access thereto from the street, by means whereof the construction of the said branch road or siding has greatly injured the said property of the plaintiff and depreciated the value thereof; and the defendant has so constructed its said branch railroad or siding, upon the said Gordon street in front of and along said property of the plaintiff, that by means of the dust, dirt, noise and disturbance, caused by the usual and ordinary operations of the same, the said property of the plaintiff has been further injured and depreciated in value by being rendered less desirable and valuable as a place of residence or business."

The cause being put at issue, a trial was had on October 23, 1889, before ERMENTROUT, J., when the plaintiff, called as a witness in his own behalf, testified that the market value of his property, before the construction of the defendant's road, was $1,500; afterward, $700 or $800. On cross-examination:

Q. I am asking you whether you would sell to somebody for $700, who would not offer to pay damages.

By the court: It is not a question whether he is willing to sell or not.

Mr. Snyder: The question we propose to ask this witness is, whether he would take $700 for this property now?

By the witness: You give me the $700 and the amount of the damage, and I will give it to you.

Mr. Bland: The question is incompetent.

By the court: Objection sustained; exception.[1]

The plaintiff having rested, the defendant called John Barbey, who testified that he was acquainted with the plaintiff's property, with the manner in which the siding was constructed, and that the market value of the property before the railroad was constructed was $1,200 or $1,250, and that after the construction it was $1,100.

Q. You own some properties there, do you?   A. We do.

Q. Will you please state how frequently the trains run on that siding?

Mr. Bland: Objected to, as immaterial.

Mr. Snyder: The defendant proposes to show the uses made of the siding of the railroad, of which complaint is made.

By the court: You may show the uses to which the railroad siding is put, but not the number of trains; exception.[3]

Q. How is this property injured?   A. It may not be as easy of access as before.

Mr. Snyder: The plaintiff having testified that the property is injured by the running of trains on the road, that in that way the house is shaken, plaster loosened and hot smoke driven into the second story, and the plaintiff having declared that, by the dust, dirt, noise and disturbance caused by the usual and ordinary operations of the said railroad, his property is injured and depreciated, the defendants now propose to show how the siding is used, for what purpose it is used and has been used, and to show the amount of freight that is transferred and the number of trains that are run; this in order to give the jury such information as will enable them to estimate the injury, if any, there is to this property, caused by the ordinary and probable uses to which this railroad may be put.

Mr. Bland: The proposed inquiry is immaterial and incompetent, for the reason that the branch road put down by the company upon Gordon street is a public highway, and the de-

Opinion of the Court.

fendant company has a right to use it to its fullest extent, and whether the defendant does so now or not is a matter immaterial; they have an unlimited right so to do, and it is not relevant or material to this case that the defendants are now using the said railroad in a limited manner; the law gives them the right to use it to its fullest extent or capacity for use, and it is to be presumed that in the course of time, and as the necessities of the road require it, they will so use it.

By the court: So far as this offer is concerned, it is entirely too comprehensive. We will sustain this objection and give the defendant an exception.[4]

Q. In your judgment, the market value of that property, as it was right after the road was constructed, is $1,100? A. Yes, sir.

Q. Are you willing to give $1,100 for it? A. I would pay— Objected to, as incompetent and irrelevant.

By the court: We will sustain the objection; exception.[2]

The cause having been submitted, the jury returned a verdict in favor of the plaintiff for $417.33. A rule for a new trial having been discharged, the defendant took this appeal, assigning for error:

1–4. The refusal of defendant's offers.[1 to 4]

*Mr. Philip S. Zieber* (with him *Messrs. Baer & Snyder*), for the appellant.

*Mr. B. F. Dettra* and *Mr. H. W. Bland*, for the appellee, were not heard.

PER CURIAM
On the argument at Bar,

Judgment affirmed.