[No. 3293.  Decided March 30, 1900.]

ELIZABETH SMITH *et vir, Respondents,* v. T. BUCKMAN
*et ux., Appellants.*

APPEAL—SUFFICIENCY OF EVIDENCE.

Where there is a substantial conflict in the testimony, the verdict of the jury will not be disturbed on appeal.

TRIAL—ADMISSION OF EVIDENCE—HOW ERROR CURED.

Where testimony has been improperly admitted in evidence, the error is cured by the court's striking out that part of the evidence, on motion of the party prejudiced thereby, and instructing the jury to disregard it.

Appeal from Superior Court, Clarke County.—Hon. HENRY S. ELLIOTT, Judge. Affirmed.

*Coovert & Stapleton (James P. Stapleton,* of counsel), for appellants.

*W. W. McCredie,* for respondents.

PER CURIAM.—This is an action in ejectment brought by the respondents, who were plaintiffs below, against the appellants, to recover a parcel of land, containing about six acres, which the respondents allege is a part of the donation land claim of John Dodd and H. E. Dodd, of which they are the owners by reason of certain mesne conveyances from the original donees to themselves. Answering the complaint, the appellants denied ownership in the respondents, and pleaded affirmatively matter constituting an estoppel, and adverse possession during the period of statute of limitations. The verdict of the jury was in favor of the respondents.

The principal contention is over the question whether the evidence is sufficient to justify the verdict. We have carefully examined the record, and find that there was a substantial conflict in the testimony on all of the issues made. In such cases this court will not disturb the verdict of the jury. *Pronger v. Old National Bank,* 20 Wash. 618 (56 Pac. 391).

Exceptions were taken to the admission of certain evidence, and to the refusal of the court to give certain requested instructions to the jury. That part of the evidence to which exception might properly lie was stricken out by the court on motion of the appellants, and the jury were instructed to disregard it. If it was error originally to admit the testimony, the error was cured by the action of the court in striking it out. The charge of the court was full and clear, and covered the entire law of the case. Such of the requested instructions as were proper were given, substantially, and the charge as a whole was as favorable to the appellants as the law of the case warranted.

The judgment is affirmed.