[No. 4046. Decided April 12, 1902.]

## CHARLES R. WILSON *et al., Appellants,* v. WEST AND SLADE MILL COMPANY *et al., Respondents.*

TRIAL—ERROR IN ADMITTING EVIDENCE—CURED BY INSTRUCTIONS.

Error in the admission of improper evidence is cured by the instruction of the court specially charging the jury not to consider it in arriving at their verdict.

NUISANCE—OBSTRUCTION OF STREET—ACTION FOR DAMAGES.

In an action for the recovery of damages occasioned through the maintenance of a public nuisance, it was not error for the court to charge the jury that plaintiffs must show some special damages to themselves, differing in kind from that suffered by the general public, before they would be entitled to recover even nominal damages.

SAME—MISLEADING INSTRUCTIONS.

In an action for damages occasioned plaintiffs by the obstruction of a street which they were compelled to use in the conduct of their business between their mill and their lumber yard, a charge by the court that "in actions of this kind, the proofs must correspond with the material bearings of the pleadings, and the proof is fatal to the plaintiffs' right to recover; and unless you believe from the evidence in this case that the obstruction referred to in the plaintiffs' complaint resulted in plaintiffs' damage as owners of lots 7 and 8 in block 21, described in plaintiffs' complaint, it matters not how or in what manner or relation to what other property damages may have resulted,

and your verdict should be for defendants," was so misleading as to constitute prejudicial error.

SAME — LIABILITY OF JOINT TORT FEASOR.

In such an action, a charge that, if the jury should find that one of the defendants had nothing to do with the obstruction of the street further than the delivering of timber ordered by its co-defendant at that point, its verdict should be in favor of such defendant, was erroneous, under the rule that one who jointly with another places an obstruction in a public street is liable for any damage occasioned thereby during the continuance of the obstruction, from which he could not be relieved by the fact that he had no interest in its maintenance after its creation.

Appeal from Superior Court, Chehalis County.—Hon. OLIVER V. LINN, Judge. Reversed.

*Sheeks & Hogan* and *J. B. Bridges,* for appellants.

*J. C. Cross,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—The appellants brought this action to recover damages alleged to have been caused them by an obstruction placed on a public street in the city of Aberdeen by the respondents, and to procure the removal of the same. The obstruction complained of was removed after the commencement of the action, and the trial proceeded as one for damages alone. The evidence on the part of the appellants tended to show that the respondent Neeson purchased of the respondent West & Slade Mill Co. certain timbers, directing it to deliver them at a place on Benn street, near the appellants' property. When the first piece was hauled and being unloaded by one of the mill company's employees, the appellants notified the employee not to leave it at that place, as the same obstructed the street, and particularly that place in the street which they were obliged to use in passing to and from their own sawmill and certain lots used by them as a lumber yard.

They also sent a similar notice to the mill company. No attention was paid to the notice, and all of the timbers ordered were delivered and left near the same place. Neeson thereupon took possession of the timbers, and proceeded to construct out of them a large sled and place thereon a donkey engine. While the work was in progress, he was also notified to move the timbers; the appellants again claiming that they were an obstruction to the street, which prevented them from having the free ingress and egress to and from their premises. Neeson, however, continued his work, removing the timbers only after he had completed it, which took some fourteen days. There was testimony also that the obstruction specially damaged the appellants. It was shown that they were engaged in the business of operating a sawmill, and that the timbers obstructed the street at a place which the appellants were obliged to pass over when hauling lumber with a wagon from their mill to their lumber yards. The verdict and judgment were for the respondents.

It is assigned that the court erred in admitting certain evidence. On the trial the court permitted the respondents, over the objections of the appellants, to show that other persons had constructed similar sleds at the same place. It may be conceded, we think, that on the issues as made this evidence had no place in the case before the court; but the court, in his charge to the jury, withdrew the evidence upon this point from the consideration of the jury, specially instructing them to disregard it and not consider it as authorizing the acts of the respondents. This, as we have repeatedly held, cured any error that may have been committed in its admission.

It is further assigned that the court erred in instructing the jury that the appellants must show some special

damages to themselves, caused by the obstruction, differing in kind from that suffered by the general public, before they were entitled to recover even nominal damages. This instruction, however, correctly states the rule. Wrongs of this character, in so far as they affect each individual member of the general public in the same way, are regarded as public wrongs, to be redressed and punished by the public authorities in the manner prescribed by the penal statutes. Only those who suffer a special pecuniary injury from the wrong committed have the right to resort to a civil action for such wrong.

The court gave to the jury the following instructions, the giving of each of which is assigned as error:

"In actions of this kind, the proofs must correspond with the material bearings of the pleadings, and the proof is fatal to the plaintiffs' right to recover; and unless you believe from the evidence in this case that the obstruction referred to in the plaintiffs' complaint resulted in plaintiffs' damage as owners of lots 7 and 8 in Block 21, described in plaintiffs' complaint, it matters not how or in what manner or relation to what other property damages may have resulted, and your verdict should be for the defendants."

"If you find that the defendant, West & Slade Mill Co., had nothing to do with the obstruction of the street further than the delivering of the timber, and if they were not interested in maintaining that obstruction, then your verdict should be for the defendant, West & Slade Mill Co."

The first of these is so unfortunate in its wording as to almost force the conclusion that the learned trial judge has been incorrectly reported; especially when 'we compare it with other portions of the instructions given, which are rather models of correct English and terseness and clearness of expression. As it comes here, however, over

certificate of the judge who tried the cause, we can do nothing else than consider it as a part of the instructions given the jury. That it is obscure and ambiguous cannot be doubted. But obscurity or ambiguity in an instruction is not reversible error unless it has a tendency to mislead the jury, and the real inquiry is, did this instruction mislead them? Reading the instruction as it appears in the transcript, it all but tells the jury that the verdict must be for the respondents; yet that this was not its purpose, and could not have been so understood by the jury, is evident from other parts of the same charge. Reading it, omitting certain words, it seems to say that under the pleadings the appellants cannot recover unless the jury are able to find from the evidence that the obstruction damaged them as owners of certain lots described in the complaint, no matter how much the obstruction may have damaged them as the owners of other property. If this be its meaning, it was clearly misleading. The allegations of the complaint, in substance, were that the appellants were conducting a sawmill; that they used these particular lots as a lumber yard; that it was necessary for them to use the particular part of the street where the obstruction was placed in hauling lumber to and from the lumber yard and their mill, and that the obstruction prevented them from so doing, to their damage. Under these allegations the appellants were entitled to recover for all damages the evidence showed they suffered in the conduct of their business because of the obstruction, and the jury should have been so instructed. It would seem, therefore, that in any view of this instruction it was calculated to mislead.

The court also erred in giving to the jury the second of the instructions above quoted. One who, by himself,

or jointly with another or others, places an obstruction in a public street is in law under an obligation to remove it, and is liable for any damage occasioned thereby during the continuance of the obstruction. The fact that he may have no interest in its maintenance after its creation does not relieve him from such liability.

The judgment is reversed and the cause remanded for a new trial.

REAVIS, C. J., and HADLEY, WHITE, ANDERS, MOUNT and DUNBAR, JJ., concur.