[No. 7346.   Decided November 23, 1908.]

OVID E. BILLINGS *et al.*, *Respondents*, v. THE CITY OF
SNOHOMISH, *Appellant*.[1]

MUNICIPAL CORPORATIONS—STREETS—DEFECTIVE  SIDEWALK — EVI-
DENCE—SUFFICIENCY.   A walk is shown to be dangerous where `a
stringer had entirely rotted away, so that, when a plank was stepped
on at one end by plaintiff's companion, the other end raised up and
tripped the plaintiff.

SAME—CONSTRUCTIVE NOTICE OF DEFECT.   Constructive notice on
the part of a city of a defective sidewalk is sufficiently shown where
the walk had been constructed five years, and for some months
ends of the boards had rotted away for a ·foot or more, and decayed
on the under side leaving a thin shell, the nails had pulled out, and
the boards were so loose that they rattled when walked on.

TRIAL—MISCONDUCT OF COUNSEL.   Evidence that a new walk had
been laid, since an accident on a defective sidewalk, is not shown to
have been deliberately planned to prejudice the jury by a remark of
counsel that they ·expected to ask to have it struck out, where it
was brought out incidentally on cross-examination.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE.   Striking out evi-
dence that a new walk had been laid since an accident on a de-
fective walk, and instructing the jury to disregard it, cures error in
its admission.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT.   A verdict
for $3,500 for a slight abrasion of the knees, sustained in tripping
on a defective sidewalk, the same healing at once and causing no
subsequent trouble, unless neurasthenia resulted from the shock,
for which condition there were other more probable causes, is ex-
cessive, and should be reduced to $2,000.

· Appeal from a judgment of the superior court for Sno-
homish county, Black, J., entered October 19, 1907, upon
the verdict of a jury rendered in favor of the plaintiff for
the sum of $3,500, for injuries sustained in a fall upon a
defective sidewalk.   Reversed, and a new trial ordered unless
$1,500 of the verdict is remitted.

*M. J. McGuinness* and *Robert McMurchie*, for appellant.

*J. Y. Kennedy* and *Hathaway & Alston*, for respondents.

[1]Reported· in 98 Pac. 107.

FULLERTON, J.—This is an appeal by the city of Snohomish from a judgment entered against it in an action brought by the respondents, who are husband and wife, to recover for personal injuries received by the wife from a fall on the sidewalk of the appellant city. The first three assignments of error challenge the sufficiency of the evidence to justify the verdict. The injured respondent tripped over a board in the walk, which was raised up immediately in front of her by being stepped upon at the other end by the person with whom she was walking.

It is contended that there was no evidence tending to show that the walk at the place of the accident was not reasonably safe for public travel, nor was there any evidence tending to show that the city had notice, either actual or constructive, of the actual condition of the walk. That the walk was so far defective as to render it unsafe for public travel at the place of the accident, it seems to us the evidence leaves no doubt. The walk was originally constructed by laying three stringers parallel with the course of the street, and nailing boards crosswise thereon. At the time of the accident the stringer next to the property line had entirely rotted away, and the one next the street had so far decayed as to allow one of the boards forming the walk to sink below its original level when stepped upon. The effect was that the boards when stepped upon at one end would raise at the other, thus tending to trip any one who might be passing at that time. Manifestly such a condition renders a walk unsafe.

Whether the city had knowledge of the defect, or could have learned of it by the exercise of reasonable diligence, the evidence is not so clear, but we think it sufficient to sustain the finding of the jury that the city did have such knowledge. The evidence of the respondent, in addition to showing the condition of the stringers as above recited, tended further to show that the walk had been down something over five years; that the ends of the boards next the property line had rotted away for a foot or more, and for some distance further had

decayed on the under side until only a shell remained; that
the stringer next the street had decayed on the inner side,
leaving a thin shell to support the boards, and that this shell
had been crushed down beneath the board over which the
respondent received her injury; that the nails that originally
held the board to the stringers had pulled out in part, leaving
the walk in a loose condition, so that it rattled when walked
upon; and that it had been in this condition for some months
before the accident. This if believed by the jury warranted
a finding that the city had constructive notice of the defect.
The city officers must exercise reasonable diligence in the care
of the city's walks. They must take notice that constant use
will gradually wear out a walk; that nails will pull and sup-
ports decay; and that at best the life of a wooden sidewalk is
limited to but a few years. It is not enough that they may find
that the surface of the walk appears sound. The walk as an
entirety must be examined and kept in repair if the city is to
escape the charge of negligence. There was, therefore, no
error on the part of the court in refusing to sustain the sev-
eral challenges made to the sufficiency of the evidence.

On cross-examination of certain of the city's witnesses, it
developed that a new sidewalk had been constructed at the site
of the accident, but whether by the city or the abutting
property owner was not shown. At the conclusion of the
evidence, the city moved to strike from the evidence and with-
draw from the consideration of the jury all reference to the
new walk, and asked the court to instruct the jury to disre-
gard it in making up their verdict. This motion not only
was not resisted by the respondents' counsel, but one of them
remarked that "if the defendant had not asked that instruc-
tion the plaintiffs would probably have asked it." The appel-
lant insists that it is plainly apparent from this remark and
conduct of counsel concerning this testimony that they de-
liberately planned to have the jury hear it, knowing it to be
improper, and then have the jury instructed to disregard it,
hoping thereby to have all the benefit of such prejudicial

testimony without any of the responsibility attached to its introduction. But we find nothing in the record that justifies this charge. The fact was brought into the case incidentally, on cross-examination of a witness by respondents' counsel, and, so far as we are able to discover, without any intent on the part of counsel to get improper evidence before the jury. We interpret this remark to mean nothing more than an assent to the motion made by the appellant.

The trial judge granted the motion to strike this evidence and afterwards instructed the jury not to consider it as evidence of the defendant's negligence. This cured any error in its admission. This court, it is true, in the case of *Carter v. Seattle*, 21 Wash. 585, 59 Pac. 500, held that the fact that the municipality had repaired a walk after an accident therein causing an injury, was not evidence that the municipality had been negligent in its care of the walk prior to the accident, and reversed the judgment because such evidence had been admitted. But this was done in a case where the evidence was offered for the purpose of showing negligence, and where the court had instructed the jury that they might consider the fact in determining whether or not the municipality was negligent. It was not a case where the court attempted to cure the error. It is the almost universal rule that error in the admission of improper evidence is cured where the evidence is afterwards withdrawn and the jury are instructed not to consider it. This court has many times so held. *Puget Sound Iron Co. v. Worthington*, 2 Wash. Ter. 472, 7 Pac. 882, 886; *Lytz v. Keevey*, 5 Wash. 606, 32 Pac. 534; *Zelinsky v. Price*, 8 Wash. 256, 36 Pac. 28; *Smith v. Buckman*, 22 Wash. 299, 61 Pac. 31; *Brown v. Pierce County*, 28 Wash. 345, 68 Pac. 872; *Wilson v. West & Slade Mill Co.*, 28 Wash. 312, 68 Pac. 716; *Hart v. Cascade Timber Co.*, 39 Wash. 279, 81 Pac. 738.

The contention that the verdict is excessive we think has merit. The fall produced no objective manifestation of physical injury, save a slight abrasion of skin on one of the

knees, which healed at once, causing no subsequent trouble. The injured respondent, however, gradually developed a case of neurasthenia, which the medical witnesses stated might have been induced by the shock received from the fall. But the record shows that the respondent had been subjected to a capital surgical operation, following which she had engaged for a considerable time in duties calling for much physical exertion; conditions which, as we understand the medical witnesses, were much more liable to cause her present condition than the shock received from the fall on the walk. We think the jury failed to take into consideration these circumstances in rendering the verdict, and that had they done so a much less sum would have been returned. The verdict should be reduced to two thousand dollars.

The judgment will therefore be reversed, and the cause remanded with instructions to enter a judgment in favor of the respondents for two thousand dollars, in case they file a written consent with the clerk of the lower court within thirty days after they receive notice that the remittitur has reached that court that they accept that sum in lieu of the judgment rendered; but if they fail to file such consent within the time limited, then to grant a new trial. Neither party will recover costs on this appeal.

HADLEY, C. J., RUDKIN, and MOUNT, JJ., concur.

DUNBAR and CROW, JJ., took no part.