[No. 16071. Department One. January 24, 1921.]

# H. G. BAYERS, *Respondent*, v. A. E. BARRY *et al.*, *Appellants.*[1]

EVIDENCE (50)—RELEVANCY—MATTERS EXPLANATORY OF FACTS IN EVIDENCE. It is competent for a witness, in repeating a conversation concerning the transaction in dispute, to state that, as reasons for not advancing certain money, he said he had a wife and six children to support.

APPEAL (456)—REVIEW — HARMLESS ERROR — ERROR CURED BY WITHDRAWAL. Error cannot be predicated in allowing certain testimony to go to the jury, where it was subsequently withdrawn and the jury admonished not to consider it, unless it is affirmatively shown that the admonitions failed of their purpose.

SAME (449)—REVIEW—HARMLESS ERROR—EVIDENCE—PREJUDICIAL EFFECT. In an action to recover advances made for certain expenditures, including a lease of premises, it is not prejudicial error to admit in evidence a lease which defendants claimed was not what had been agreed upon.

TRIAL (35)—OBJECTIONS—SCOPE AND SUFFICIENCY. An objection to letters as self-serving is unavailing where parts of the letters were proper and the objection was not confined to the objectionable parts.

EVIDENCE (175)—PAROL TO EXPLAIN WRITING. Where a telegram between the parties is perfectly plain and unambiguous, it is not competent for the sender to explain what he meant by the telegram.

CONTRACTS (67)—EVIDENCE (168)—PRIOR ORAL AGREEMENTS COLLATERAL TO WRITTEN CONTRACT. In an action upon contracts, where there was nothing inconsistent between written and oral agreements between the parties and their subject-matter was not the same, it is proper to refuse a requested instruction to the effect that there could be no recovery unless the oral agreement was subsequent to the writing.

TRIAL (102)—INSTRUCTIONS—REQUESTS—PARTLY ERRONEOUS. It is not error to refuse a requested instruction which was in part bad, although parts of it could have been properly given.

SAME (101)—INSTRUCTIONS—ALREADY GIVEN. Error cannot be predicated upon the refusal of a requested instruction which was sufficiently covered in the general charge.

[1]Reported in 194 Pac. 993.

Appeal from a judgment of the superior court for King county, Jurey, J., entered April 7, 1920, upon the verdict of a jury, rendered in favor of the plaintiff, in an action upon a contract. Affirmed.

*Kerr & McCord* and *Stephen V. Carey*, for appellants.

*James R. Chambers*, for respondent.

BRIDGES, J.—The respondent, Bayers, during the year 1919 was, and for many years prior thereto had been, a resident of Juneau, Alaska. Much of his time had been spent in the fishing industry. The appellants, Barry and Groll, were fish-cannery men, residing in the state of Washington. Prior to February, 1919, the respondent had made certain preparations for the building and operation of a fish cannery at Douglas, Alaska. He had made arrangements for the lease of a suitable wharf upon which the cannery might be built and operated, and he had a boat and large scow suitable for the fishing industry, and he also owned certain fish trap locations which had not been improved. He had made other tentative fishing arrangements. He found himself unable to carry out his cannery plans for want of sufficient funds, and in February of 1919, he came to Seattle for the purpose of interesting some person in his project. Through a mutual friend, he met the appellants in Seattle, and on various occasions conferred with them concerning his proposition. On the 20th of February he, as the party of the first part, and appellants, as parties of the second part, executed a written instrument as follows:

"Party of the first part hereto agrees to enter into a corporation for the operation of a cannery at Douglas, Alaska, to be known as the Douglas Packing Company, and further agrees to transfer a certain lease on

building and wharf at Douglas, Alaska. Two trap locations, one boat in good running order named the Electro, and one scow in good condition, and in payment for such equipment and lease is to receive one-third of the issued capital stock of said company.

"Parties of the second part agree to furnish the necessary machinery and the necessary money to install the machinery and start the operation of the packing company at the location indicated, for which machinery and money, said second parties are to receive two-thirds of the capital stock of the company, one-third to be held for the San Juan Canning Company, a corporation of Friday Harbor, Washington, the other third to be held by said second party.

"The corporation is to have a board of three trustees, of which board the contracting parties are to be the active members."

Respondent contends that, at or about the time of the making of this written contract, the appellants authorized him to return at once to Alaska and obtain a lease upon the Douglas wharf, and get the wharf ready to receive the machinery which was to be shipped thence by the appellants from their cannery at Friday Harbor, and that he should also engage fishing boats and fishing crews for the coming fishing season, and generally to get things in order so that the cannery might be operated without delay. Respondent further contends that the appellants agreed to pay all of the expenses in connection with the matters just recited, and that they requested him to make these various repairs and preparations out of his own money, but on their account, and that within a very short time, they would reimburse him and place all necessary monies to his credit. The respondent further contends that, in compliance with this arrangement, he at once returned to Alaska and expended various sums of money in repairing the Douglas wharf and putting it in condition to receive the canning machinery, and in obtaining and re-

pairing various fishing boats belonging to fishermen and in other ways, and in this manner he had spent all of his own means for the account of the appellants, in excess of $6,000, and that, after these expenditures had been made, the appellants refused to reimburse him therefor. He further contends that he was damaged in the sum of $1,500 on account of loss of his own time in making preparations to carry out the agreement which he alleges was entered into with the appellants.

The appellants, both in pleading and in testimony, deny substantially all of the material allegations of the complaint and of respondent's testimony, except they admit that the written contract had been entered into. There was a trial before a jury which returned a verdict in the sum of $6,272.31. The trial court informed the jury that the respondent was not entitled to recover anything for his services and that feature was taken from the jury. Judgment was entered on the verdict, and after a motion for new trial was denied, the defendants appealed to this court, where they assign many errors, which we will notice in the order of their argument.

(1) The respondent, while on the witness stand, was undertaking to give the various conversations he had with the appellants concerning his fishing proposition, and stated that they had asked him if he would not, for the time being, expend his own money on their account, and that, in this connection, he told them he could not afford to take any chances, and that he had a "wife and six small children to maintain," and that he would go up there and do the best he could until they sent him money. Appellants objected to the witness testifying to the fact that he had a wife and children, for the reason that it was immaterial and had a tendency to prejudice the jury in his favor. We cannot see

any merit in this claim of error. The respondent was but repeating a conversation which he claimed to have had with the appellants concerning this business proposition, and was merely explaining to them that he would have some difficulty in advancing money on their account because he had his wife and children to support. What he said in this regard was but a part of the conversation which he was trying to detail, and as such was admissible.

(2) The respondent offered to prove that he had spent much of his time in complying with the requests of the appellants, and that because they had refused to carry out their portion of the agreement his time was lost, which he valued at $1,500. The appellants objected to this class of testimony, contending that there could not be any recovery in this action for loss of time, and citing two decisions from this court. The noon hour having arrived, the court said he would examine the decisions before court reconvened. It appears, however, that the court neglected to examine the decisions and the testimony objected to went before the jury. Later in the afternoon, the court read the decisions cited to him and then announced that he thought his ruling had been wrong and that he would strike the testimony with reference to the $1,500. He then called the jury in and specifically instructed it that he had changed his ruling in this regard and withdrew from its consideration this $1,500 item and told the jury not to consider it. The appellants, however, now contend that this testimony had been permitted to go to the jury through no fault of theirs, and that it was very prejudicial to them, and by receiving the testimony the damage was done and that the court could not correct the mistake he had made, by admonishing the jury.

Certainly, there cannot be any such error in this regard as to require the case to be reversed. In the haste

and heat of the trial of cases, it is to be expected that attorneys will at times say objectionable things, and the court make erroneous rulings. If all these errors are to be considered prejudicial and that the court is powerless to cure or correct them, then we will be constantly reversing cases and there will be no end to law suits. We, as well as all other courts, have always held that errors of this character may be corrected by proper admonitions or instructions from the court to the jury, unless it is affirmatively shown or we are otherwise convinced that the admonitions and instructions have failed in their purpose. It seems unnecessary to further discuss the matter than to cite some of our decisions in support of the position we are taking: *State v. Boyce,* 24 Wash. 514, 64 Pac. 719; *State v. Hawkins,* 27 Wash. 375, 67 Pac. 814; *Bunck v. McAulay,* 84 Wash. 473, 147 Pac. 33; *Yakima Valley Bank v. McAllister,* 37 Wash. 566, 79 Pac. 1119, 107 Am. St. 823, 1 L. R. A. (N. S.) 1075; *Smith v. Buckman,* 22 Wash. 299, 61 Pac. 31.

(3) After the respondent had returned to Alaska, he procured a lease to the wharf on which the cannery was to be erected, but this lease did not, in all respects, comply with the oral agreement with reference thereto. This lease had previously been sent by the respondent to the appellants, who, after retaining it for some time, returned it without their signatures. The lease was introduced in evidence together with the bill of the lessor for six months' rent. The appellants contend that the lease was improperly received in evidence and that there can be no recovery for the six months' rental because the lease was not what had been agreed upon. We think, however, that these objections are not well taken. Even if it should be conceded that the lease was not what had been agreed upon, still the respondent,

acting for the appellants, according to his contention, had actually occupied the leased premises, and regardless of the form of the lease, would be required to pay a reasonable rent thereon. Such being the case, we can see no prejudicial error in the admission of the lease in evidence, nor can we see any reason why the respondent should not be entitled to recover the rental, provided he proved his case satisfactorily to the jury.

(4) After respondent had returned to Alaska, there were a number of telegrams and letters exchanged between him and the appellants. These were put in evidence and among the rest was a letter from respondent to Mr. Groll, dated June 2, 1919, which was in answer to a letter which Mr. Groll had last written to him, wherein the appellants informed the respondent that they would not be able to carry out their part of the program. The appellants made strenuous objection to the introduction of respondent's letter of June 2, on the ground that it was self-serving, immaterial and prejudicial. Unquestionably, parts of this letter are open to the objections made to it, but other parts of it are entirely proper to have been received in evidence. Had appellants asked the court to keep from the jury such portions of the letter as were objectionable, it would doubtless have been the court's duty to have complied therewith. This request, however, the appellants did not make; they objected to the introduction of the letter as a whole and since parts of it were properly receivable, the appellants cannot now complain that the entire letter was received.

(5) The respondent offered in evidence a telegram dated March 27, 1919, from the appellant, Mr. Groll, to respondent, reading as follows: "Have you lease on building. Have you made any repairs on dock. I expect to leave on the seventh. Answer." When Mr.

Groll was on the witness stand, his counsel sought to have him explain what he meant by this telegram. He claimed that previous thereto he had sent a letter to the respondent warning him not to incur any expense on account of the appellants, and he sought to testify that, by this telegram, he wanted to learn whether that letter was being complied with. On the contrary, the respondent denied ever having received the letter last mentioned, but contended that other and later letters and telegrams from the appellants confirmed his authority to proceed at their expense. The court refused to allow Mr. Groll to make his desired explanation, and we think this ruling was right. The wording of the telegram is perfectly plain and it was for the jury, under all the circumstances, to determine the construction it should be given.

(6) Appellants complain of the action of the court in refusing to give their requested instruction as follows:

"You are instructed that the plaintiff cannot recover in this action upon the written instrument of February 20, 1919, in evidence and cannot recover at all unless you are satisfied from a preponderance of the evidence that a subsequent oral agreement was made between the parties, whereby the defendants authorized the plaintiff to make expenditures for their account. As to whether or not such a subsequent oral agreement was in fact made you should consider all the testimony in the light of the circumstances surrounding the parties at the time, the purpose of the alleged contract and the conduct of the parties before the litigation arose, and from all of the evidence determine as to the probability of such a contract having been entered into. If you believe that the oral contract alleged to have been made was of such a character that reasonable business men would not have made it under the circumstances, shown in this case, you have a right and it is your duty to take that fact into consideration in making up your mind whether such an oral contract ever was agreed to by the defendants."

The substance, of this request, is that there can be no recovery unless the oral agreement between the parties was made subsequent to the written agreement, and in determining whether or not the oral agreement was made at all, the jury might take into consideration all of the surrounding circumstances touching the probability of such an agreement being made, and that if they believed that the agreement was such that reasonable business men would not have made it, then that fact should be taken into consideration in determining whether or not the agreement had, in fact, been made. We think the court properly refused to give this requested instruction. It was immaterial whether the oral agreement was made before or after the written contract was entered into. The written contract was with reference to the organization of a corporation and what each party would put into that corporation, and the amount of stock he or they should receive therefor. It did not pretend to cover the features of the oral contract as testified to by the respondent. That contract was merely that the respondent was to go to Alaska and make preparations for the coming fishing season, expend such monies as might be proper in that connection, and charge the same to the account of the appellants. There is nothing inconsistent between the oral and written agreements. The subject-matter of the alleged oral agreement was not the same as that of the written contract. Such being the case, the oral contract was enforcible, whether made before, contemporaneous with, or after the written contract. There are certain features of this requested instruction which would have been proper for the court to have given, but it was not its duty to dissect it and give it in part and refuse to give the remainder. *Duggan v. Pacific Boom Co.*, 6 Wash. 593, 34 Pac. 157, 36 Am. St. 182;

*Singer v. Martin,* 96 Wash. 231, 164 Pac. 1105; *Noll-meyer v. Tacoma R. & P. Co.,* 95 Wash. 595, 164 Pac. 229; *Fehler v. Montesano,* 110 Wash. 143, 188 Pac. 5.

(8) The appellants also complain that the court refused to give their requested instruction as follows: ·

"If the plaintiff has not satisfied you of the non-receipt of the letter of March 19, 1919, claimed by defendant Groll to have been mailed to plaintiff at Juneau, Alaska, on that date, then the plaintiff cannot recover on any obligation incurred by him after the said letter reached him in the ordinary course of mail."

The letter mentioned in this instruction is one which Mr. Groll claims to have mailed to the respondent, wherein he warned the respondent not to contract any indebtedness on account of the appellants. Respondent denied ever having received this letter. While it would have been proper enough for the court to have given this requested instruction, we think there was no error in its failure so to do, because the court, by its instructions, covered the question when he said to the jury:

"Even though you find that the defendants did request the plaintiff to make expenditures for their account, nevertheless, the defendants had the right to revoke such authorization at any time and the plaintiff would not be entitled to recover for any expenditure not made and incurred before such revocation."

(9) At the close of the plaintiff's case, the defendants moved for a directed verdict, which was denied and complaint is made thereof. There is a very sharp conflict of testimony throughout this case. The respondent, on the one hand, contends that he was expressly orally authorized by the appellants to contract the various obligations for which he sues, whereas the appellants deny that any such authority was given, and claim, on the contrary, that the respondent had no au-

thority from them to contract any indebtedness or to take any steps whatsoever to carry out the proposed program until they had gone to Alaska and for themselves looked into the proposition. But these were all questions for the jury. We have very carefully gone through the testimony and find that there was substantial evidence in support of each item of expense which the court allowed the jury to consider.

Other objections have been made and argued by the appellants, most of which are covered by what we have already said, and those we have not discussed, we have carefully considered and are unable to find merit in them. The judgment is affirmed.

PARKER, C. J., MACKINTOSH, and HOLCOMB, JJ., concur.