[No. 18254. Department Two. March 14, 1924.]

MOTOR MILL COMPANY, *Appellant,* v. SELDEN WILSON,
*Respondent.*[1]

SALES (39)—CONTRACT—EVIDENCE—ADMISSIBILITY. Where plaintiff claimed to have purchased logs at $22 a thousand and defendant claimed that the agreed price was $26, it is reversible error to exclude plaintiff's evidence as to the price of cedar logs on the open market on the day in question.

TRIAL (30) — RECEPTION OF EVIDENCE — REBUTTAL — WAIVER OF OBJECTIONS. Objection to evidence, offered in rebuttal, upon the ground that it was immaterial does not raise the point that it was not proper in rebuttal but should have been offered in chief.

EVIDENCE (48)—COMPETENCY—VALUE OF PROPERTY. Proof of the value of property cannot be shown by proof of what the owner would have taken for it.

APPEAL (386)—REVIEW—WAIVER OF ERROR. Upon an issue as to the agreed price for cedar logs purchased by plaintiff from defendant, plaintiff's objection to defendant's incompetent evidence of the value does not waive error in excluding plaintiff's offered competent evidence of their value on the open market.

Appeal from a judgment of the superior court for King county, Frater, J., entered April 10, 1923, upon the verdict of a jury rendered in favor of the defendant, in an action to recover an overpayment upon the purchase of logs. Reversed.

*Lane & Thompson,* for appellant.

*Elias A. Wright* and *Sam A. Wright,* for respondent.

PEMBERTON, J.—Appellant instituted this action to recover $300 as an overpayment to respondent by mistake upon the purchase price of 65,300 feet of cedar logs. Appellant claims that, on the 29th day of September, 1922, he purchased 65,300 feet of cedar logs at the agreed price of $22 per thousand, amounting to

[1]Reported in 223 Pac. 1041.

$1,437.26; that the computation of the amount due was made in the presence of respondent; that the amount was written upon the scale bill of the logs to cover the purchase price; that through a mistake the check was drawn in the amount of $1,737.26 instead of $1,437.26; that, upon the discovery of the mistake, demand was made for the $300 overpaid. This action was thereafter commenced for the recovery of the same. The answer of respondent alleged that the agreed price for the logs was $26 a thousand and a certain bill for towing. The case was tried before a jury and a verdict rendered in favor of respondent. After denying a motion for new trial made by appellant, judgment was entered in favor of respondent, from which judgment this appeal is taken.

At the time of the trial, appellant, in its case in chief, introduced testimony to establish that the agreed price was $22 per thousand. The respondent's evidence was confined to the fact that he went to the business place of appellant and accepted their figures in the amount of the check as to the price that appellant was willing to pay for the logs. In rebuttal appellant called three witnesses who had been engaged in the purchase of cedar logs in the open market or in the shingle mill business for a number of years and knew the market value of cedar logs in September, 1922. To their testimony the court sustained an objection as follows: "The objection is sustained on the ground that it is immaterial on the issues that are made in this case." There can be no question but what this testimony was material and the exclusion of the testimony reversible error. *Wheeler v. Buck & Co.*, 23 Wash. 279, 63 Pac. 566; *Dimmick v. Collins*, 24 Wash. 78, 63 Pac. 1101; *Robertson v. O'Neill*, 67 Wash. 121, 120 Pac. 884.

It is contended by respondent that the appellant is not in a position to urge this assignment of error for

two reasons. "In the first place, appellant should have offered the rejected testimony, if it intended to offer it at all, as a part of its case in chief." Considering the issues as made by the pleadings in this case, we must hold that this evidence is properly admissible as evidence in chief rather than rebuttal testimony. The objection, however, was not upon the ground that it was not properly rebuttal, but upon the ground that it was immaterial. Had the objection been made on the former ground, appellant then would have probably requested that the testimony be admitted as evidence in chief and the court would no doubt have granted the request. The objection having been sustained upon the ground of its materiality, we must hold that the court committed error in excluding the offered testimony.

Respondent next contends that appellant objected to respondent's testifying that he would not have sold the logs in question for $22 per thousand, and also objected to the respondent's testimony as to the value of the logs on the date of the sale, and having procured a ruling of the court favorable to itself on the admissibility of such testimony, is estopped and foreclosed from urging that the court committed error in excluding similar testimony offered in rebuttal by appellant. The testimony referred to being as follows:

"Q. Would you have sold these logs for $22 a thousand? Mr. Thompson: I object to that as being incompetent, immaterial and irrelevant. The Court: Objection sustained, exception allowed. Q. What were those logs worth? Mr. Thompson: I object to that at this time—but I withdraw the objection. Mr. Wright: I withdraw the question, if your Honor please. That is all."

The court properly sustained the objection to this first question, for proof of value cannot be shown by

proving what the owner would take for his property. *Watt v. Nevada Central R. Co.*, 23 Nev. 154, 44 Pac. 423, 62 Am. St. 772; Sedgwick on Damages (9th ed.), vol. 4, § 1294; *Auman v. Philadelphia & R. R. Co.*, 133 Pa. St. 93, 20 Atl. 1059; *Kiernan v. Chicago, S. F. & C. R. Co.*, 123 Ill. 188, 14 N. E. 18.

To the question of what the property was worth, appellant first objected to the question and then withdrew the objection and respondent withdrew the question. The record fails to show that appellant is estopped to claim error on the part of the court in excluding the offered testimony.

The case is reversed and remanded with directions to grant a new trial.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.