[No. 33286. Department Two. November 17, 1955.]

AXEL BLOOMQUIST *et al.*, *Appellants*, v. BUFFELEN MANU-FACTURING COMPANY *et al.*, *Respondents.*[1]

[1]Reported in 289 P. (2d) 1041.

McMullen, Snider & McMullen, for appellants.

R. DeWitt Jones, Neal, Bonneville & Hughes, and Dale W. Read, for respondents.

MALLERY, J.—This is an action to recover for the damage to plaintiffs' timberlands caused by the defendants' negligent setting of slash fires, which spread to plaintiffs' lands.

The jury returned a verdict for defendants, and plaintiffs appeal.

The respondents interposed the defenses that (1) the fire did not originate on their lands, and (2) they were not negligent.

There was no direct evidence of the origin of the fire that damaged appellants' timber. Circumstantial evidence was relied upon by both parties. It related to the location of other fires, the lay of the land, the prevailing winds, the weather forecasts, and such other circumstances and conditions as had a possible bearing on the origin and spread of fires in the region in question.

Appellants contend the trial court erred

". . . in admitting testimony of other fires in Clark and Skamania Counties during the period immediately following the starting of fires by or on behalf of respondents and prior to destruction of property owned by appellants."

The appellants do not particularize this assignment by pointing out any particular testimony to which they objected at the trial. *See Barrinuevo v. Barrinuevo, ante* p. 296, 287 P. (2d) 349. The *relevancy* of evidence does not lend itself to a concise definition applicable in all cases. The Washington rule, in general terms, is that any circumstance is relevant which reasonably tends to establish the theory of a party or to qualify or disprove the testimony of his adversary. *Robertson v. O'Neill,* 67 Wash. 121, 120 Pac. 884; *Motor Mill Co. v. Wilson,* 128 Wash. 592, 223 Pac. 1041. All

facts are relevant which support a reasonable inference upon a contested matter. *Keisel v. Bredick,* 192 Wash. 665, 74 P. (2d) 473; *State v. Shock,* 41 Wn. (2d) 572, 250 P. (2d) 516.

The respondents' theory was that the unexpected change in weather conditions created an unforeseeable hazard which resulted in numerous fires getting out of control without being caused by the negligence of anyone. They predicated this conclusion upon the existence of other fires, which were also urged as the possible origin of the fire on appellants' land. We find no merit in appellants' contention that such evidence was irrelevant.

The appellants contend the trial court erred in refusing their requested instruction No. 1, which reads:

"You are instructed that it appears from the testimony herein that the defendants requested that the State Division of Forestry take over the management of the effort to bring under control and prevent the further spreading of the fire which was started by the defendants; that the representatives of said department are acting for and on behalf of said defendants and that said defendants are liable for any neglect in connection therewith and for any damages which were the proximate result of any negligence on the part of said representatives."

The assignment is not well-founded for two reasons. (1) No proper exception was taken to the trial court's refusal of the instruction. Counsel's objection was:

"I want to except to that [requested] instruction for the reason that it was not given, but it is a proper statement of the law covering the responsibilities of the defendants and should have been included in the instructions that went to the jury."

In *State v. Lyskoski, ante* p. 102, 287 P. (2d) 114, practically the same language was held not to be an adequate exception upon which to predicate an assignment of error in rejecting a proposed instruction.

(2) The first clause of the proposed instruction constitutes a comment upon the evidence in violation of Art. IV, § 16, of the state constitution. The trial court need never

give an instruction that is erroneous in any respect. *Bayers v. Barry,* 114 Wash. 252, 194 Pac. 993.

The appellants assign as error the entry of a judgment having an obvious omission. Appellants did not call the oversight to the trial court's attention and cannot raise it upon appeal for the first time. Appellants have not done their part in saving the lower court from error. *Rank v. Alaska S.S. Co.,* 45 Wn. (2d) 337, 274 P. (2d) 583.

The judgment is affirmed.

DONWORTH, HILL, WEAVER, and ROSELLINI, JJ., concur.

