[No. 25224. Department One. November 30, 1934.]

L. R. Trout, *Respondent,* v. Shelikoff Packing Company, *Appellant.*[1]

*Lloyd R. Savage,* for appellant.

*Ballinger, Clark, Mathewson & Force,* for respondent.

Tolman, J.—Respondent, as plaintiff, brought suit on three causes of action. A trial was had to the court, sitting without a jury, resulting in findings and conclusions favorable to the plaintiff on his first cause of action and against him on the other two. A judgment followed in favor of the plaintiff and against the defendant for $992.83, together with interest and costs. From this judgment the defendant has appealed.

The errors assigned question both the law and the facts upon which the trial court rested its judgment.

The findings disclose, in substance, that the respond-

[1]Reported 38 P. (2d) 348.

ent was a stockholder in, and the president and general manager of, the appellant corporation during the period when the transactions were had which gave rise to this controversy; that, during the season of 1929, the profits of the corporate business were such that it was agreed among all interested that respondent should receive as his share thereof the sum of two thousand dollars, one-half of which was to be immediately paid in cash and the remaining one-half was to be credited to his account on the books of the corporation, to be paid in the future at the close of a season when the corporation should have a good pack and be able to pay. The court found that, in 1933, the corporation had a good pack of fish, that it was then able to pay, and that, under the agreement, the book credit became due and payable at the end of the fishing season of 1933.

In 1932, at the annual meeting of the stockholders of the appellant corporation, a resolution was adopted which, in effect, provided that stockholders having credit upon the books of the corporation should accept stock of the corporation in full payment of such credits. The court found that the respondent presided at that meeting, did not vote for the resolution and did not actively object to its adoption; the effective part of the finding being:

■ "Plaintiff did not actively object during the course of the meeting to the passage of the motion, but while the stockholders were still present in the bunkhouse he refused to sign the minutes of the meeting. There was no contract entered into by plaintiff to cancel the obligation of the company to him and take stock in lieu thereof."

While the word "estoppel" is not used, this amounts to a finding against the existence of facts upon which the defense of estoppel might be based.

The principal and we think the controlling question here appears to be a question of fact; or, in other words, it must appear that the evidence does not justify the findings of the trial court before we can interfere. We have therefore given careful consideration to the record, and after full study we find ourselves unable to say that the evidence preponderates against the finding, and therefore it must be accepted as the basis for our decision.

One having a just claim against a solvent debtor is entitled to payment in money, and only by his consent or by such action on his part as amounts to an estoppel can he be compelled to accept anything other than money.

The burden of establishing facts sufficient to invoke the defense of equitable estoppel, like the defense of payment, rested upon the appellant; and since the trial court found against it on both of these defenses, and the evidence does not preponderate against such findings, we can do nothing but affirm the judgment.

Judgment affirmed.

BEALS, C. J., MAIN, MITCHELL, and MILLARD, JJ., concur.