[No. 28487.   Department Two.   December 29, 1941.]

LENA FINESON, *Appellant,* v. EDWARD B. MCMAHON,
*as Administrator, Respondent.*[1]

*Harold M. Gleason,* for appellant.

*Pettijohn & McCallum,* for respondent.

BLAKE, J.—Plaintiff brought this action to recover from the estate of Albert F. McMahon the reasonable value of services rendered to deceased during the last three years of his life.   The administrator answered, denying the material allegations of the complaint, and, by way of affirmative defense, alleged payment.   Re-

[1]Reported in 120 P. (2d) 482.

plying, plaintiff denied payment. Upon the issues so made, the cause was tried to a jury, which returned a verdict in favor of defendant. From a judgment, entered on the verdict, dismissing the action, plaintiff appeals.

The basic question presented by the assignments of error is whether evidence of services rendered by the deceased was competent to establish an offset against, or payment of, appellant's claim.

■■ Appellant contends that the burden was upon respondent, under his affirmative defense, to prove payment; that, in the absence of contract to the contrary, an obligee is not compelled to accept payment in anything but money; that respondent failed to prove any contract whereby appellant agreed to accept the services of deceased in payment for her own. The rule invoked by appellant is well established and has been applied by this court. *Van de Vanter v. Redelsheimer,* 58 Wash. 38, 107 Pac. 847; *Trout v. Shelikoff Packing Co.,* 179 Wash. 414, 38 P. (2d) 348. But it is not applicable to the facts of this case.

It appears from the record that appellant, for more than twenty-five years, had operated small hotels or rooming houses in Spokane. She met deceased some nine years before his death, when she was operating the Grand Hotel. During the last three years of McMahon's life, she operated two hotels, the Milwaukee and the Sterling. A room was reserved for him in each. Appellant also had a home, where McMahon stayed a part of the time. Appellant did his laundry and furnished his meals—all this without pay in money. On the other hand, the respondent presented evidence to the effect that, all through the years, deceased worked in and about the hotels and appellant's home, keeping the premises in repair and, a good part of the time, acting as night clerk in one of the hotels.

■ That this evidence was competent to refute appellant's claim, there can be no doubt. *Robertson v. O'Neill,* 67 Wash. 121, 120 Pac. 884. The court there said:

"When death has stilled the lips of one of the parties to the transaction and a demand is being asserted against his estate, his representative should be permitted to combat the claim with any circumstance reasonably tending to shed light upon the transaction in controversy."

■ In such a situation as is presented here, the burden is not on the representative of the deceased to establish payment of, or offset against, the claim for services rendered. The presumption is that the services rendered by the one are offset by services rendered by the other. Recovery can be had, under such circumstances, only by clear and cogent proof that the deceased agreed to pay for the services in money. *Anderson v. Osborn,* 62 Wash. 400, 114 Pac. 160; *Kremmel v. Schnaufer,* 4 Wn. (2d) 242, 103 P. (2d) 38. In the former case, p. 402, the court said:

"When such a relation as we here find is assumed, there can be no recovery by either party unless there be a contract to charge for the services rendered by the one party, or a contract to pay for the support furnished by the other party. Otherwise it will be presumed that the relation was one of mutual benefit, and both the service and the support a gratuity. 18 Cyc. 410; *Butcher v. Geissenhaimer,* 109 N. Y. Supp. 159. Not only must a contract be established, but the relation of the parties must have had its initiation in such a contract, when it is sought, as here, to support the cause of action upon the original relation."

There was clearly no error in admitting evidence of services rendered by deceased for appellant. Indeed, in the light of the holding of the court in the *Kremmel* case, a verdict for appellant could hardly be upheld. For she wholly failed to establish "a con-

tract to charge for the services rendered by the one party, or a contract to pay for the support furnished by the other party."

Judgment affirmed.

ROBINSON, C. J., BEALS, SIMPSON, and JEFFERS, JJ., concur.